## HANNAH C. MAIN
## v.
## WILLIAM D. MAIN.

*Husband and Wife—Divorce—Action by Wife Against Husband for False Imprisonment.*

An action can not be maintained, after divorce, by a wife against her former husband for false imprisonment, where the acts complained of were committed before the divorce was granted.

[Opinion filed April 11, 1892.]

IN ERROR to the Circuit Court of Clark County; the Hon. C. B. SMITH, Judge, presiding.

This was an action by plaintiff in error against defendant in error and Lewis Main, John Ellege, Jr., and Frank Morrison. Declaration, first count charges the defendants with false and malicious prosecution, without any reasonable or probable cause, for insanity, and imprisonment in jail and insane asylum January 11, 1887, and adjudication against such proceedings and the prosecution wholly ended. Second count alleged that the defendants falsely and maliciously, and without any reasonable or probable cause, charged the plaintiff with having committed certain offenses punishable by law, to wit: Being insane and dangerous, disagreeable, dirty, demented, lazy, noisy, vulgar and unchaste, at the County of Clark and State of Illinois, and also at the County of Vigo and State of Indiana, and at the last mentioned place, on the charge of insanity, the defendants falsely and maliciously caused plaintiff to be arrested and imprisoned three weeks, when she was fully discharged and fully acquitted of all of said charges. Claims special damages as well as general.

Plea of not guilty by defendants, William and Lewis Main and John Ellege.

Defendant William D. Main, by special plea, alleged that

at the time, etc., he was the husband of plaintiff until after the supposed injuries, when he was divorced and decreed to pay plaintiff, as alimony, $300 per year. Prays judgment, etc. Special plea by William D. Main, like the former, excepting that it avers an appeal by him from the decree for divorce and alimony, and that it is still pending, and likewise prays judgment, etc. To these special pleas plaintiff demurred. The court overruled the demurrer and rendered judgment accordingly against the plaintiff in favor of defendant, Wm. D. Main. At a subsequent term the suit was dismissed for want of prosecution as to the other defendants.

Messrs. HORACE S. CLARK and J. W. HOWELL, for plaintiff in error.

Messrs. GOLDEN & HAMILL, for defendant in error.

MR. JUSTICE WALL. The only question arises upon the action of the court in holding the special pleas a valid defense. At the common law neither the husband nor wife could maintain an action for damages against the other for an assault or battery, no matter how aggravated, though the offending party was liable, *criminaliter*. Nor would an action lie for an injury to the reputation. Reeve's Domestic Relations, 65; Cooley on Torts, 223, 227. The fact that the conjugal relation has been dissolved by divorce will not support an action for a tort committed during the marriage. Ib. 228. Abbott v. Abbott, 67 Maine 304, was, like this, a case where, after divorce, the woman sued her former husband for an alleged assault, etc., during coverture, by forcibly carrying her to an insane asylum and causing her to be incarcerated therein. The court in an elaborate opinion held the action would not lie. Theoretically husband and wife are one person. Actions at law between them were unknown at the common law. Our statute has, it is true, introduced some radical changes so far as property rights and the power of making contracts

are concerned.    In order to carry out the rights and powers
thus conferred upon the wife she may bring suit in her own
name, even against the husband, and it has been held that
by reason of the changes thus made in the property rights
of the wife the husband is relieved from his common-law
liabilities in respect to her torts and ante-nuptial contracts.
Emerson v. Clayton, 32 Ill. 493; Howard v. Warmser, 55
Ill. 48; Martin v. Robson, 65 Ill. 129.  But as was said in
Chestnut v. Chestnut, 77 Ill. 346, " We have no warrant
under any statute, or otherwise, for holding a married woman
has any right to any action at law against her husband ex-
cept in cases where it may be deemed indispensable to enable
her to recover or enjoy her separate property, secured to her
by the statute."   In the Abbott case, *supra*, the court said
that though the husband may have no right to inflict violence
upon the wife, yet it is not desirable that an action should
lie in such cases.

She is not without protection.   She may proceed crim-
inally.  She may have a writ of habeas corpus if unlaw-
fully restrained.   She may sue for divorce and in adjusting
alimony the court will regard any cruelties she may have
suffered and award such compensation as the nature of the
case shall require.   When she has resorted to this final
remedy and has obtained judgment it must be regarded as
a settlement of all causes of complaint.

This question arose lately in England in the case of
Philips v. Barnet, 1 Q. R. D. 436.   Such, J., said: " Now I
can not for a moment think that a divorce makes a marriage
void *ab initio;* it merely terminates the relation of husband
and wife from the time of divorce, and their future rights of
property are adjusted according to the decision of the court
in each case."

If such a tort is actionable, so it would be in respect to
slander and libel.   If the action would lie in favor of the
wife against the husband it would also in favor of the hus-
band against the wife.   Instead of settling, a divorce would
unsettle all such matters.   A new line of litigation would
at once arise and the harvest would grow in proportion to

the number of divorces. Sound considerations of public policy would forbid a change of the common law, and unless the statutory provisions referred to have by direct terms or by necessary inference abrogated the rule, we must hold it still in force. It is clear this has not been done, expressly, and we find no sufficient warrant for saying it has been done by implication. We are therefore of opinion the Circuit Court properly overruled the demurrer to the pleas, and that the judgment should be affirmed.

*Judgment affirmed.*