LOTTIE KOLENSKY, P. P. A. *vs.* MARIA DEFRANCESCO.

Third Judicial District, New Haven, June Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

At the time that the plaintiff was negligently struck by the defendant's automobile, it was being driven by her husband to whom she had executed a general power of attorney broad enough to include his use of the car upon her business, or upon his own; but there was no direct testimony—nor did either of them offer to supply the omission—as to what business he was then engaged upon, or as to whether he was acting within the scope of his authority, general or specific, to use the car, or as to whether or not the defendant herself held an operator's license. *Held* that the jury was justified in finding that the defendant's husband was operating the automobile either upon her business,

or with her authority, especially in view of their damaging silence upon material subjects peculiarly within their own knowledge.

Less evidence is necessary to furnish a legal basis for the inference that a husband was engaged in his wife's business than that a servant was engaged in his master's.

Argued June 4th—decided June 30th, 1925.

ACTION to recover damages alleged to have been caused by the negligent operation of the defendant's automobile, brought to the Superior Court in New Haven County and tried to the jury before *Haines, J.;* verdict and judgment for the plaintiff for $4,500, and appeal by the defendant. *No error.*

*Walter J. Walsh,* with whom, on the brief, was *James A. Morcaldi,* for the appellant (defendant).

*Charles S. Hamilton* and *John J. Sullivan,* for the appellee (plaintiff).

· PER CURIAM. The jury might reasonably have found that the defendant's husband, while operating an automobile, ran against and knocked down plaintiff while she was crossing Campbell Avenue in West Haven, and that the negligence of the operator of the automobile was the proximate cause of the accident, to which the plaintiff in no wise contributed. The only question in the case which furnished the slightest basis for the appeal, was the claim of the defendant that the evidence did not enable the jury to find that the automobile at this time was being operated by an agent of the defendant while acting within the scope, or the apparent scope, of his authority. This issue was one of fact for the jury, and if there was any reasonable evidence tending to prove that the operator of the automobile was the agent of the owner at the time of the accident, the verdict must stand. The automobile was owned by the defendant. The operator of the car

was her husband. He had a power of attorney from her of very broad scope. He himself had an operator's license. Whether defendant was a licensed operator did not appear. No evidence was offered as to whether the driver of this automobile was engaged at the time of the accident upon his own business, or on that of the defendant. His power was broad enough to include his use of the car at this time with her permission for her business or for his own business.

The relationship of husband and wife is a much more intimate one than that of master and servant, and less evidence will be required to draw the inference that the husband was engaged in his wife's business than that the servant was engaged in the master's business. The evidence does not stop with the proof of ownership. Neither the defendant nor her husband, the operator of this automobile, testified or offered any explanation as to whether the defendant had an operator's license, or what the business was he was engaged upon at the time of the accident, or whether defendant had given him specific authority to use the automobile on this particular occasion, or whether the general scope of his authority included authority to operate the automobile at this time. This knowledge was peculiarly within their knowledge, and when the defendant did not produce it the jury were entitled to draw the inference that, if produced, it would have been antagonistic to defendant's present contention that her husband was not acting within her authority. Under the circumstances present in this case, the jury were fully justified in finding that the husband was operating the automobile either upon her business, or by her authority. The silence of a party upon a subject material to her case, and one peculiarly within her knowledge, furnishes strong, and often conclusive, evi-

dence that she does not speak lest the truth should hurt her cause. *Wolf* v. *Sulik,* 93 Conn. 431, 106 Atl. 443; *Stuart* v. *Doyle,* 95 Conn. 732, 740, 112 Atl. 653.

There is no error.