GEORGE A. BERGEN ET ALS. *vs.* ETHEL M. KELLY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 11th—decided July 5th, 1932.

*Joseph A. Bergin,* for the appellant (defendant).

*Patrick Healey,* for the appellees (plaintiffs).

AVERY, J. This action was brought by the plaintiffs, partners in business, to recover a balance of

$449.95, claimed to be due for the construction of a garage on land owned by the defendant. The case was tried to the court, which has found the following facts: The defendant, Ethel M. Kelly, is the wife of William F. Kelly. They were married many years prior to 1926, and have lived together since as husband and wife. The defendant's husband, for about ten years until November 23d, 1928, when he was adjudicated bankrupt, conducted a malt and hop shop on Brook Street in Waterbury, under the trade name of the "Kelly Distributing Company." In June, 1926, in addition to his malt and hop business, he was engaged in the bottling of "near-beer" and conducted that business on the premises of Jerry Shea, the husband of his mother-in-law. At this time, the plaintiffs were making repairs about the premises of Shea, and Kelly there discussed with one of the firm, George A. Bergen, the building of a six-car garage, and asked for an estimate. Bergen submitted a plan and gave Kelly an estimate of $2100 for a six-car garage, and Kelly instructed Bergen to go ahead and build it. Kelly was also advised that a map of the premises would be needed before the work could be undertaken. Two members of the partnership called at the home of the defendant and her husband. While there, defendant's husband did most of the talking, but she was present during the conversation, and knew and understood the arrangements. Upon the request of her husband, she went to another part of the house and procured a map, returned with it, and was present when it was delivered to the plaintiffs. Thereafter, Kelly, in company with one of the plaintiffs, went upon the land and located the spot upon which the garage was to be built. At the time, and for some period prior thereto, the title to the land was in the

names of William F. and Ethel M. Kelly. It was part of a tract formerly owned by the latter's grandmother.

The plaintiffs erected the garage and their undisputed charge was $2324.95, on account of which $1875 was paid, leaving an unpaid balance of $449.95. The amount of $1875 was paid by two checks, one dated August 20th, 1926, for $1000, and one December 8th, 1926, for $500, each check being signed by the defendant; and by two payments, on August 1st and November 4th of the same year, in cash, from her husband, of $300 and $75 respectively. The checks of $1000 and $500, signed by the defendant and delivered in part payment of the contract, were drawn on an account in the Citizens and Manufacturers National Bank of Waterbury. The bank account was a joint and several one, the ledger cards being entitled William F. Kelly and Ethel M. Kelly, and the right of survivorship was endorsed on the drawing or signature cards. At some time subsequent to the opening of the account, the words "Kelly Distributing Company" were added to the top of the ledger card after "Kelly," but the nature of the personal account was never changed. This was the only bank account of the Kelly Distributing Company.

Thereafter, on several occasions, the defendant promised to pay the balance of plaintiffs' bill. Some time after the garage had been completed, the husband conveyed to the defendant his interest in the premises. On November 23d, 1928, he was adjudicated bankrupt, and on March 1st, 1929, received his discharge in bankruptcy.

The appellant attacks these findings of the trial court and asks to have substituted in place thereof certain of the requests in her draft-finding. An examination of the evidence, however, discloses that the findings of the court are supported by evidence, and

no change therein is permissible by which the defendant's position would be advantaged.

The court concluded that the defendant and her husband engaged in the construction of the garage as a joint venture, and that the defendant expressly authorized her husband as her agent to contract with the plaintiffs to construct the garage, and that he engaged the plaintiffs on her behalf and his own to build the same. Judgment was rendered accordingly for the plaintiffs for the amount due with interest.

The parties were living together as husband and wife during the entire period of this transaction. From the facts and circumstances set forth in the finding, the court was justified in deducing the inference that the husband was acting as his wife's agent in contracting for the construction of the garage for the benefit of their common property. *Dziekiewicz* v. *Caffrey*, 101 Conn. 449, 456, 126 Atl. 563; *Kolensky* v. *DeFrancesco*, 102 Conn. 660, 662, 129 Atl. 777. This is sufficient to establish her liability in this action without regard to the provisions of § 5275 of the General Statutes, Rev. 1918, upon which she bases her argument on this appeal.

There is no error.

In this opinion the other judges concurred.