McLaurin *v.* McLaurin Furniture Co.

(Division A. Feb. 20, 1933.)

[146 So. 877. No. 30448.]

Wilbourn, Miller & Wilbourn, of Meridian, for appellant.

Dunn & Snow, of Meridian, for appellee.

Argued orally by **R. E. Wilbourne, Jr.**, for appellant.

**McGowen, J.**, delivered the opinion of the court.

By her declaration and proof, Mrs. Leslie S. McLaurin, the appellant, sought to recover damages for personal injuries received by her as the result of the wrecking of an automobile which belonged to the appellee. The evidence, on the occasion of the wreck, established the negligence of the automobile driver, the husband of the appellant, and it was sought to be shown that the furniture company, as master of the servant, the husband of the appellant, was liable. The court below granted a peremptory instruction on the evidence adduced by the appellant, and a verdict and judgment was entered accordingly.

McLaurin Furniture Company, the appellee, was a corporation engaged in the furniture business at Meridian, Miss., of which W. D. McLaurin was the president and general manager, and H. A. McLaurin, appellant's husband, the secretary and treasurer. Both were stockholders.

Appellee furnished H. A. McLaurin a car, to be used by him in performing his duties as an employee of the company in making collections on furniture sold and repossessing merchandise which was not paid for, kept the same in repair, and paid the gasoline bill therefor. He had full charge of the car, kept it at his home in a garage, and was permitted to use it at will for the pleasure of himself and his family when it was not in use in the company's business. Mrs. McLaurin was also an employee of the firm, but could not drive a car, and had no duty to perform with reference thereto.

In June, 1931, she was allowed a vacation. At the suggestion of her husband, she returned to her work a day earlier in order to have an outing for herself and children in a trip to Gulfport. It was planned by W. D. McLaurin, her husband, and herself, that on Friday, July 3d, it would be necessay for H. A. McLaurin, her husband, to drive the car to Laurel to see a customer and make a collection—to transact business for the master —she to accompany him on this trip to Laurel, and then to proceed further south for the outing and return with the car to Meridian, in order that the car might be available for service and each of them ready to resume their duties early Monday morning; Saturday July 4th being a holiday. This plan was carried out, appellant's husband transacted his business at Laurel, and they both proceeded to Gulfport. On Sunday afternoon, after dark, while traveling along the same route on their return to Meridian, and north of Laurel about halfway between that city and Meridian, the lights of the automobile suddenly flickered and went out. In this situation, the wife,

the appellant, suggested to her husband that he "flag" a car and get permission to drive in front of the lights thereof in order that they might get to an automobile repair shop and finish their journey to Meridian. Mrs. McLaurin was riding on the back seat of the automobile, and her husband declined to take the advice. A car passed, but the driver thereof did not know of the difficulty in which the McLaurins found themselves; so the husband, the driver, proceeded to follow the car which was traveling on a public highway of the state at the rate of about twenty-five miles an hour, thinking that he could avail himself of the lights of the car ahead of them. While following the car and upon approaching a curve in the road, appellant's husband lost sight of it, and was blinded, thereby precipitating the car driven by him in a ditch on his left hand and seriously injuring Mrs. McLaurin. It was not known to any of them that there was anything wrong with the lights of the car.

The error assigned is the granting of a peremptory instruction.

We shall consider the questions presented from the standpoint of the appellee as to the reasons advanced by it for upholding the action of the lower court.

1. Appellee insists as follows: "Admitting that H. A. McLaurin was negligent at the time and place in operating an automobile without lights, such acts were not done in the performance of any duty or service in behalf of the McLaurin Furniture Company; nor was he at the time negligent about any business of the corporation or acting as secretary and treasurer of the company." To this proposition, thus broadly stated, we cannot assent.

It is quite clear from this record that McLaurin, husband of the appellant, was negligent. He was driving his car at night upon the public highway at a greater rate of speed than ten miles an hour, without having the lights thereon burning. Situated as he was, sections 5581

and 5588, Code 1930, make his action a violation of the law, a misdemeanor; and proof thereof is prima facie evidence of negligence.

McLaurin, the husband, went to Laurel to transact business, and, upon leaving Laurel to go on south to Gulfport, he was then engaged in a mission of his own pleasure—purposes wholly his own, for himself and his family. But it was his duty to return the car to Meridian, and to be there himself; and certain it is, when he reached Laurel and traveled thence north on the regular highway, the direct route to Meridian, he had re-entered the employment of the master. Such is the holding of this court in the cases of Barmore v. Railroad Co., 85 Miss. 426, 38 So. 210, 70 L. R. A. 627, 3 Ann. Cas. 594; Primos v. Gulfport Laundry & Cleaning Co., 157 Miss. 770, 128 So. 507; and this is the general rule in Mississippi. The return of the automobile was a part of the master's business; it was the duty of the servant so to do, and he was engaged in that duty. But on these facts we are not deciding that Mrs. McLaurin's situation would entitle her to recover from the master.

2. It is insisted by the appellee that the negligence of H. A. McLaurin, under the circumstances, is imputed to the appellant. There is no merit in this contention, for the reason that, occupying the back seat, she did all that she could in protesting against the continuance of the journey in the manner indicated in the statement of facts. It is quite obvious that, as a wife, and as a "backseat" driver, she was helpless to exercise her prerogative as a wife in controlling her obdurate husband. If she left the car, she would have been alone in an uninhabited place, and, despite her protest, he moved and ran the car without lights.

3. It is insisted that H. A. McLaurin, the husband and driver of the car, being an officer and a stockholder of the appellee furniture company, a suit by the wife against the corporation is in effect a suit against her

husband, H. A. McLaurin, and cannot be maintained by the appellant for that reason. Appellee's position is supported by some of the courts of this country on the theory, as announced by them, that, at the common law, husband and wife were one and the husband could not be held liable for a personal tort committed against her by him. The theory, in those jurisdictions, seems to be that because the husband, the servant, cannot be held liable therefor, his master cannot be held liable where the negligence to be imputed to the master is the act of the servant, the husband. And it is said that. if the wife should recover from the corporation. the husband would thereby become liable to his master, the corporation. for his negligence, and the damages so recovered by the wife, and in turn recovered by the master from the husband, would be. in effect, the transfer of money from one pocket to the other.

In this state, we are committed to the common-law doctrine that neither. the wife nor the husband could maintain an action against the other for a personal tort committed by the one upon the other. Austin v. Austin, 136 Miss. 61. 100 So. 591. 33 A. L. R. 1388. Under the above rule, Mrs. McLaurin, the appellant, would be denied a recovery against her husband because the relationship of husband and wife existed between them. although he was negligent and his negligence proximately caused her injury. In a proper case, notwithstanding this rule, the question presented is: May she recover from the master of the servant, the husband? This question has not been presented, or decided. in this state, and the courts of other states are in conflict with regard thereto.

Under the law of some of the states, it is held that the husband, the servant, although negligent, not being liable, his master cannot be held for the negligence of the husband, the servant. See Maine v. James Maine & Sons Company, 198 Iowa, 1278, 201 N. W. 20, 21, 37 A. L. R. 161; Abbott v. Abbott, 67 Me. 304, 24 Am. Rep.

27; Libby v. Berry, 74 Me. 286, 43 Am. Rep. 589; Emerson v. Western Seed & Irr. Co., 116 Neb. 180, 216 N. W. 297, 56 A. L. R. 327. These cases seem to proceed upon the view of the law that, although the tort of the husband committed upon the wife is unlawful, or negligent, because the wife cannot maintain an action against the husband, the action cannot be maintained against others who otherwise would be liable to respond in damages, suggesting the idea that the liability and negligence of the master is secondary, dependent upon the right to recover from the servant, and seem to overlook the basic principle that the act of the servant in the course of his employment is the act of the master. The primary liability of both the servant and the master is the unlawful or tortious act. These cases do not distinguish between liability and negligence. Of course, in the character of case here under consideration, if the servant were not negligent, it logically follows that in such case the master could not be negligent. The proposition demonstrates itself. However, it does not follow that, because the servant may, because of some plea as that of coverture between husband and wife, escape liability for his negligence, his master would have accorded to it the servant's protection in the law by virtue of public policy. The wrong would be existent: the servant's tort is that of the master; the remedy to the wife would be available as against the master; and the acquittal of the husband because the wife is denied a remedy would not avail the master against whom the remedy is untrammeled. It remains the unlawful act of both the master and the servant; and, although the remedy is denied the wife as against her husband, the fact of that denial cannot, in logic, be available to the master for his independent and distinct liability. The tortious act of the servant is none the less unlawful, although the wife is denied a remedy in the courts therefor. In line therewith, we are therefore of the opinion that if, in a case where the tortious

act of the servant is the act of the master, the master is liable proximately even though the wife may not recover from the husband, the servant. She is merely denied a remedy; this does not destroy the right of action against the master. As directly in point, see Schubert v. August Schubert Wagon Co., 223 App. Div. 502, 228 N. Y. S. 604, and the same case on appeal, 249 N. Y. 253, 164 N. E. 42, 43, 64 A. L. R. 293. As sustaining the principle, see Star Brewery Co. v. Hauck. 222 Ill. 348, 78 N. E. 827, 113 Am. St. Rep. 420. and New Orleans & Northeastern R. Co. v. Jopes, 142 U. S. 18, 12 S. Ct. 109, 35 L. Ed. 919.

In the Schubert Case, supra, on appeal, the logical reasoning of Judge Cardozo seems to be convincing and unanswerable, wherein he said:

"A trespass, negligent or willful, upon the person of a wife, does not cease to be an unlawful act, though the law exempts the husband from liability for the damage. Others may not hide behind the skirts of his immunity. The trespass may be a crime for which even a husband may be punished. but, whether criminal or not. unlawful it remains. As well might one argue that an employer, commanding a husband to commit a battery on a wife, might justify the command by the victim's disability. The employer must answer for the damage, whether there is trespass by direct command, or trespass incidental to the business committed to the servant's keeping. In each case the maxim governs that he who acts through another acts by himself. In all this there is nothing at war with the holding of some cases that the remedy against the husband is denied altogether and not merely suspended during coverture. Phillips v. Barnet. 1 Q. B. Div. 436. Unlawful the act remains. however, shorn of a remedy. Bennett v. Bennett, 116 N. Y. 584. 23 N. E. 17, 6 L. R. A. 553.

"We are told that in the long run the consequences of upholding an action against the master may be to cast the burden on the husband, since the master, if not per-

sonally at fault, has a remedy over. [Citing authorities.] The consequence may be admitted, without admitting its significance as a determinating factor in the solution of the problem. The master who recovers over against the servant does not need to build his right upon any theory of subrogation to a cause of action once belonging to the victim of the injury. A sufficient basis for his recovery is the breach of an independent duty owing to himself. The servant owes the duty to the master to render faithful service, and must answer for the damage if the quality of the service is lower than the standard. Dunn v. Uvalde Asphalt Paving Co., 175 N. Y. 214, 67 N. E. 439. Loss there must be, not merely liability, before indemnity is due. [Citing authorities.] The servant shall respond when the master shall have paid.

"We find no collision between the principle of liability established in this case and the principle of exemption established in actions against a husband. If such collision, however, could be found, with the result that one or other principle must yield, we agree with HUBBS, P. J., writing in the court below, that the exemption would have to give way as an exception, more or less anomalous, to a responsibility which to-day must be accepted as the general rule. Domestic Relations Law (Consol. Laws, c. 14) section 57, is explicit that 'a married woman has a right of action for an injury to her person, property or character . . . as if unmarried.' By authority and tradition, an exception has been engrafted upon this rule where the husband is defendant. We are not at liberty to extend it by dubious construction."

In reaching this conclusion, we have left out of view Illinois Central R. Co. v. Clarke, 85 Miss. 691, 38 So. 97; Nelson v. Illinois Central Railroad Co., 98 Miss. 295, 53 So. 619, 31 L. R. A. (N. S.) 689; Yazoo & M. V. Railroad Co. v. Hardie, 100 Miss. 132, 55 So. 42, 967, 34 L. R. A.

(N. S.) 740, 742, Ann. Cas. 1914A, 323; St. Louis & San Francisco R. Co. v. Sanderson, 99 Miss. 148, 54 So. 885, 46 L. R. A. (N. S.) 352, and Estes v. Memphis & C. R. Co., 152 Miss. 814, 119 So. 199. These cases may be persuasive for the rule which we have here announced, but are not conclusive thereof, because they either involve a construction of section 3404. Code 1930, or a different rule of law. They, however, do support the proposition that the master may be held liable although the jury may have acquitted the servant. The question of the liability of the master for the husband's torts committed while in the course of his employment against a wife was not involved in these cases.

4. It is insisted that on this trip from Meridian to Gulfport, via Laurel, and return, so far as the wife is concerned, she was not a guest of the appellee furniture company, nor an invitee thereof, but that the trip in the appellee's car was taken by her for her own accommodation and her own pleasure, and for purposes not connected with the business of the appellee furniture company nor in the furtherance thereof nor in the discharge of any duty connected therewith. On this theory, it was proper for the court below to peremptorily instruct the jury to return a verdict for the appellee. She was a guest of the husband, and in no sense a guest of the corporation. In other words, she was the guest of the chauffeur or driver of the car; and, while riding therein at the time of her injury, which was caused by the negligence of the chauffeur or driver who was engaged in the service of the master and in the furtherance of his business, it does not follow that she was the guest of the master. They had the permission of the master to use the car for their own purposes on occasions when the car was not being used in the service of the master. This is just a case of a chauffeur taking one out for a ride, and, in effect, it was a loan of the car to the wife for pleasure purposes. Berry Automobiles (6

Ed.), vol. 2, section 1377. She was not an invitee; her trip was taken of her own accord, on her own account, and in no wise for the benefit of the appellee furniture company. There was no common interest or mutual advantage to the master and the wife of the servant. The relationship of husband and wife is much more intimate than that of master and servant, and less evidence will be required to draw inferences that the husband was engaged in his wife's business than that the servant was engaged in the master's. Kolensky v. De Francesco, 102 Conn. 660, 129 A. 777. See, also, 42 C. J. 1101.

So far as Mrs. McLaurin was concerned, her husband was not the alter ego of the company, of which he was an employee and an official.

Affirmed.