### WILLIAM McKANE
*vs.*
### JAMES R. McCULLOM

Superior Court    New Haven County    File No. 62083

MEMORANDUM FILED NOVEMBER 14, 1942.

*FitzGerald, Foote & FitzGerald,* of New Haven, for the Plaintiff.

*S. H. Platcow,* of New Haven, for the Defendant.

Memorandum of decision on plaintiff's motion to set verdict aside.

BALDWIN, J. The plaintiff claimed to have received personal injuries and property damage on December 27, 1941, in a collision between the motor vehicle he was operating and that operated by the defendant. The property damage claimed exceeded $25. In the trial of the case the defendant produced as a witness the file clerk from the motor vehicle department of the State who testified that she had charge of the files of reports of motor vehicle accidents made to the Commissioner of Motor Vehicles under the statute (Supp. [1941] §239f) and that she was not able to find any report of the accident in question made by the plaintiff. The plaintiff was present in court and failed to testify that he filed or caused to be filed a report of the accident.

The defendant claimed that no report was filed as required by the statute and that the jury should consider that circumstance in connection with the claim made by the plaintiff of injuries and damages resulting therefrom and requested the court to charge the jury upon that element of the case.

The statute, section 239f of the 1941 Supplement to the General Statutes, provides, so far as relevant, as follows: "Any operator, whether resident or non-resident, of any motor vehicle.... involved in an accident resulting in personal injury or in the sum total of damage to any property, including all vehicles involved, to an apparent extent in excess of twenty-five dollars, shall, within forty-eight hours thereafter, make a written report of the circumstances thereof to the commissioner of motor vehicles and shall supplement such report by a detailed statement, under oath, on blanks which shall be pro-

vided by the commissioner, which report shall state as accurately as possible the time, place and cause of such accident, the injuries occasioned thereby and such further facts as the commissioner may require....Any person who shall fail to report any such accident to said commissioner as required by the provisions of this section shall be fined not more than fifty dollars."

In view of the evidence offered by the defendant and the failure of the plaintiff to offer any evidence of the filing of a report it was reasonable to assume that no report was filed. "The silence of a party upon a subject material to her case, and one peculiarly within her knowledge, furnishes strong, and often conclusive, evidence that she does not speak lest the truth should hurt her cause." *Kolensky vs. DeFrancisco,* 102 Conn. 660, 662, and cases cited.

The plaintiff claims error by the court in its charge relating to this subject, as follows: "If you find that the plaintiff is entitled to recover, then you will take into consideration the damages which he has sustained. It is the claim of the defendant that the plaintiff has not sustained the damages which he has claimed here, and he asks you to consider those circumstances and I have been requested to charge upon that question as follows: 'In considering the question of damages claimed by the plaintiff, if you should come to the consideration of the same, you have the right to take into consideration the failure of the plaintiff to file an accident report with the State Motor Vehicle Department, in violation of the law of this State.' Now, what I have to say to you about damages will be of importance if you find liability and a right of recovery here on the part of the plaintiff. If you do not find liability and that no right of recovery exists, then what I say about damages will be of no moment, and it seems to me that you should first direct your attention to the question of liability." Further on in the charge the jury were instructed as follows concerning this subject: "And the defendant claims that you should draw, reasonably, the inference that this absence of evidence—in the absence of evidence of a report to the Motor Vehicle Commissioner of this accident and the personal injuries sustained and the property damages claimed—that you should draw the inference that no personal injuries were sustained as claimed by this plaintiff and that the plaintiff, under the law, should have filed a report. You may find that it is reasonable, in view of the lack of evidence of the filing of a report—you may reasonably consider that in connection with the claim which this

plaintiff makes concerning his physical injuries, and also the claim which is made concerning the further damages—the property damages; a circumstance in the case which you may give such consideration to as you find reasonable and appropriate if you come to the question of damages in this case."

In the course of the charge the following occurred: "Now, the plaintiff claims special damages in the amount of somewhere from $284.50 to $349.50, as I have computed the damages as claimed. It was agreed that the estimate of the expense of repairs to the car would be $46.50. Is that to be the expense? Mr. Platcow: Will you pardon me, your honor? With respect to that, I think that the stenographer's notes with respect to that—may I take this? Mr. FitzGerald: Yes. Mr. Platcow: Of what we agreed upon is this. I have agreed that the amount set forth in this statement is agreed upon as the reasonable value of the claimed expenses. The court: Oh, yes. Mr. Platcow: We don't admit that they spent that money. The court: No. It wasn't that they had been damaged to that extent, but the reasonable value of the repairs would amount to that. It isn't claimed that the plaintiff actually sustained these damages but that would be a reasonable amount." It is claimed that this constituted error. The jury could hardly have misunderstood this or have been misled by what occurred or was said. In view of the finding by the jury of no negligence by the defendant it would, if not clear, appear to be harmless.

The plaintiff further claims that the court erred in its charge on the question of contributory negligence and burden of proof. The court charged upon burden of proof and contributory negligence as follows: "In order to recover, as you know from your previous experience as jurors, the plaintiff has the burden of proof of negligence which was a substantial factor causing the injuries. If the plaintiff proves that there was negligence on the part of the defendant in the operation of his car, for example, but if negligence was not a substantial factor causing his injuries, no right of recovery exists. But the plaintiff in this case must prove negligence on the part of this defendant and that that negligence was a proximate cause of his injury, and proximate cause is that cause between which and the injury no other cause intervenes to occasion the injury. The proximate cause of an injury is, in other words, a substantial factor causing the injury. So the plaintiff has the burden of this proof in order to recover, that the defendant's

negligence was a substantial factor causing his injury. Now, you must also find that there was no negligence on the part of the plaintiff that materially contributed to his injury. That we refer to as contributory negligence. The negligence is the same. The term 'contributory' means that, on the part of a plaintiff who seeks damages for injuries received through negligence, his own negligence materially contributed to the injuries which he received. You must find that he was free from negligence upon his part which materially contributed to his injuries, and the burden of the proof of that is upon the defendant. The defendant in this case alleges negligence upon the part of this plaintiff which materially contributed to his injury. Now, if the negligence was not, in its extent, sufficient to be said that it materially contributed to his injuries, then it would not preclude his right of recovery. If it was a simple incident or slight negligence, which did not amount to a substantial factor materially contributing to his injuries—if it did not amount to that it would not preclude him from a right of recovery. If negligence upon the part of each of these operators was concurrent—if there was concurrent negligence, and the negligence of each was a substantial factor in causing the injuries, then the plaintiff cannot recover."

The charge in the respects complained of was in accord with the law and fair to the plaintiff in my opinion, and the motion to set aside is denied.