Delores Tallios, Plaintiff-Appellant, v. Joseph F. Tallios, Defendant-Appellee.

Gen. No. 45,510.

Opinion filed January 21, 1952. Released for publication February 5, 1952.

BARNEY L. HOLLOWICK, and MARIO F. SENESE, both of Chicago, for appellant.

JOHN J. MORRIS, and V. J. LISS, both of Chicago, for appellee; V. J. LISS, of Chicago, of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

In an amended complaint filed in the superior court of Cook county by Delores Tallios against Joseph F. Tallios, her father-in-law, she alleged that on or about October 28, 1947, she was riding in a motor truck driven by her husband, Harry Tallios, who was so driving as the agent for and in furtherance of the business of the defendant. She charged wilful, wanton and malicious misconduct and the negligent, careless and unlawful operation of the truck as the proximate cause of her injuries, and asked judgment for $35,000. Defendant filed a motion to dismiss the amended complaint in which the only question presented was that as the law bars a wife from suing her husband in tort, she also is barred from suing his employer. The court dismissed the complaint and entered judgment for the defendant, to reverse which she appeals.

Defendant maintains that in Illinois a wife cannot sue her husband for injuries to her person negligently committed by him; that the law will not permit her to do indirectly what it will not permit her to do directly; that the inability to sue her husband is not merely an immunity which would permit her to sue his principal; that the inability to sue arises out of the relationship; that in such case there is no civil right or civil remedy; that the liability of the principal for the negligent acts of his agent is based upon the doctrine of *respondeat superior;* that unless the agent is liable there can be no liability on the part of the principal; that suits of this nature which would disturb the peace and tranquility of the family relationship are against the public policy of this State; and that changes to allow such action should be made by legislative action rather than by judicial interpretation, citing *Main v. Main,* 46 Ill. App. 106; *Welch v. Davis,* 342 Ill. App. 69; *Meece v. Holland Furnace Co.,* 269 Ill. App. 164; *Maine v. James Maine & Sons Co.,* 198 Iowa 1278; *Sacknoff v.*

*Sacknoff*, 131 Maine 280; *Bunyan v. American Glycerin Co.*, 230 Ill. App. 351; *Riser v. Riser*, 240 Mich. 402; and *Emerson v. Western Seed & Irrigation Co.*, 116 Neb. 180. Defendant places great reliance on the *Meece* case, where a minor child sued his father's employer for injuries sustained when his father ran over him with his automobile while he was backing it into the garage. The court said that it is a rule of common law based upon public policy that a minor child cannot sue his father in tort unless a right of action is authorized by statute; that as no cause of action existed in favor of the plaintiff against the father, that under the plain principles of law, if the servant is not liable, then the principal cannot be unless he was directly connected with or directed the actions of the servant and was thereby primarily liable as an active joint tort-feasor. The court also said that "the same principle which supports the rule that a minor child cannot sue its parent in tort applies to the relationship of husband and wife, neither of which can sue the other for a tort in the absence of a statute authorizing such action." The holding in the *Meece* case cannot be considered a precedent applicable to the instant case. It did not involve a suit by a wife against a husband's employer. The court in that case said that attention had not been called to any statute which attempted to enlarge the rights of minor children, and held that under the circumstances the father was an independent contractor and not a servant of the defendant.

██ In Restatement of the Law of Agency, Vol. 1, Par. 217 (2), the rule is stated as follows:

"A master or other principal is not liable for acts of a servant or other agent which the agent is privileged to do although the principal himself would not be so privileged; but he may be liable for an act as to which the agent has a personal immunity from suit."

Comment (b), page 480 reads:

"Likewise, if an agent has an immunity from liability as distinguished from a privilege of acting, the principal does not share the immunity. Thus, if a servant, while acting within the scope of employment, negligently injures his wife, the master is subject to liability."

The case most frequently cited is *Schubert v. August Schubert Wagon Co.*, 249 N. Y. 253, an opinion by JUDGE CARDOZO. At the present time New York has a statute permitting a wife to sue her husband in tort. There was no such statute at the time the *Schubert* case arose. In that case the court said (255):

"The disability of wife or husband to maintain an action against the other for injuries to the person is not a disability to maintain a like action against the other's principal or master. There are indeed decisions to the contrary by courts of other states . . . . We are unable to accept them."

To the same effect are *Poulin v. Graham,* 102 Vt. 307; *Metropolitan Life Ins. Co. v. Huff,* 48 Ohio App. 412; *Koontz v. Messer,* 320 Pa. 487; *Pittsley v. David,* 298 Mass. 552; *Hudson v. Gas Consumers Ass'n,* 123 N. J. L. 252; *Broaddus v. Wilkenson,* 281 Ky. 601; *Miller v. J. A. Tyrholm & Co.,* 196 Minn. 438; *Chase v. New Haven Waste Material Corp.,* 111 Conn. 377; *McLaurin v. McLaurin Furniture Co.,* 166 Miss. 180; and *Smith v. Smith,* 116 W. Va. 230.

In the case of *Poulin v. Graham,* 102 Vt. 307, the court said that "the doctrine of *respondeat superior* is not affected by the plaintiff's inability to sue the servant; nor does it all depend upon the right of the master to sue him. *Star Brewery Co. v. Hauck,* 222 Illinois, 348. Evidence bearing upon either of these questions would be irrelevant to the issue raised in a case like this. The right to proceed against the

master is in no sense subordinate or secondary to a right against the servant. It is primary and independent.'' In the *Star Brewery Co. v. Hauck* case there was an appeal from a judgment of the Appellate Court affirming a judgment of the Circuit Court for $2,500 against appellant for negligently causing the death of appellee's intestate, a boy ten years of age. While playing a game on one of the streets of East St. Louis, the boy was run over by a team hitched to one of appellant's loaded brewery wagons and thereby killed. The team was in charge of and driven by appellant's servant. One of the errors assigned was that an instruction told the jury that unless the evidence showed the negligence of the appellant's driver was such as would permit appellant to recover from him for injuries caused by his negligence, their verdict should be for defendant. The court, in holding that the instruction was properly refused, said (353):

''We know of no authority to sustain this instruction. . . . The law makes the master liable to third persons for the negligent conduct of the servant while acting within the line of his duty and in obedience to the master's authority, and this is independent of whether there is any liability of the servant to the master.''

Defendant cites the case of *Welch v. Davis,* 342 Ill. App. 69. The facts in that case were that John L. Davis shot his wife, Anna, with a revolver and immediately thereafter shot and killed himself. Anna died a few minutes later than her husband. She was survived by a minor daughter by her first marriage, and was from her own earnings the sole support of her daughter, her only next of kin. Plaintiff as administrator of the estate of Anna Davis, sued the executor of the will of John L. Davis for wrongful death. A jury returned a verdict awarding plaintiff $14,000. Defendant's motion for judgment notwithstanding the verdict was granted. The Appellate Court affirmed the judgment,

holding that under the Wrongful Death Act because a wife could not maintain a tort action against her husband during her lifetime her administrator cannot maintain an action for her wrongful death. The Supreme Court (410 Ill. 130) in reversing the judgment and directing that judgment be entered upon the verdict, said (131):

"The questions here involved have not previously been presented for consideration in Illinois. In the view we take of the case, it is unnecessary to consider whether, under any and all circumstances, the common-law immunity of the husband survives despite the Married Women's Act. For, whatever may be the present vitality of that immunity in other contexts, no reason exists for reading it into the Wrongful Death Act to bar recovery in this case."

The court then quoted with approval from the opinion of JUDGE CARDOZO in the *Schubert* case and cited other cases relied upon by the plaintiff in the case at bar. The court concluded that the action by the administrator to recover damages for the pecuniary loss suffered by the minor dependent daughter of Anna Davis is not within the contemplation of the common-law rule that a wife cannot sue her husband. The reasoning of the court in the *Welch* case shows the trend of judicial thought on this proposition. It will be observed that the court avoided discussing whether the common-law immunity of the husband survived despite the Married Women's Act. After a study of all the cases cited we are convinced that the majority rule and the better rule is stated in the opinion by JUSTICE CARDOZO in the *Schubert* case.

The immunity of the husband is not based upon whether or not he was negligent or guilty of wilful and wanton misconduct, but upon the ground of public policy in preserving domestic peace and felicity. *Hen-*

*sel v. Hensel,* 209 Wis. 489. The weight of authority is to the effect that the marital immunity of the spouse does not mean that there is no right of action, but merely denies the remedy against the spouse and does not destroy the right of action against the master. *McLaurin v. McLaurin Furniture Co.,* 166 Miss. 180. The tortious act of a servant who happens to be the husband of the plaintiff is none the less unlawful, although the wife is denied a remedy in the courts therefor.

We hold that the disability of plaintiff to maintain an action against her husband for injuries to her person is not a disability to maintain a like action against her husband's employer. Therefore, the judgment of the superior court of Cook county is reversed and the cause is remanded with directions to overrule the motion to strike and dismiss the amended complaint and for further proceedings not inconsistent with the views expressed.

*Judgment reversed and cause remanded with directions.*

FRIEND, J. and NIEMEYER, J., concur.