BODENHAGEN, Appellant, v. FARMERS MUTUAL INSURANCE COMPANY, Respondent.*

*October 8—November 5, 1958.*
*April 6—April 10, 1959.*

* Rehearing granted, opinion on rehearing, post, p. 310a.

For the appellant there was a brief by *Padway, Goldberg & Previant* of Milwaukee, and oral argument by *Albert J. Goldberg*.

For the respondent there was a brief by *Wickham, Borgelt, Skogstad & Powell*, attorneys, and *Gerald A. Flanagan* and *Norman C. Skogstad* of counsel, all of Milwaukee, and oral argument by *Mr. Flanagan*.

FAIRCHILD, J. The parties agree that the law of Illinois, where the alleged tort occurred, will determine whether the plaintiff has a cause of action against her husband. Unless she has a cause of action against him, she has none against his insurer.

In 1931 this court had before it an action by a wife against her husband for personal injury caused by a tort which occurred in Illinois prior to the marriage of the parties. *Buckeye v. Buckeye* (1931), 203 Wis. 248, 234 N. W. 342. This court decided that under the Illinois law the plaintiff's cause of action became extinguished when she married the defendant. "It seems clear to us that if plaintiff had prosecuted this suit in Illinois she could not succeed. Her failure in the Illinois courts would not be grounded upon any rules peculiar to Illinois affecting remedy or procedure, but to the fact that her cause of action was completely extinguished." (p. 253.) A similar decision was made in *Garlin v. Garlin* (1951), 260 Wis. 187, 50 N. W. (2d) 373.

These declarations of the law of Illinois must be considered incorrect because of a later decision of the supreme court of

Illinois. *Brandt v. Keller* (1952), 413 Ill. 503, 109 N. E. (2d) 729.

In that case plaintiff Brandt (formerly Mrs. Keller) had been injured by the wrongful act of her husband Keller. After divorce she brought suit. The supreme court of Illinois decided that plaintiff could maintain her action. The opinion does not discuss any distinction between a cause of action and the remedy, but concluded that a husband's "immunity from suit" was destroyed by the Married Women's Act of 1874 (Ill. Rev. Stats. 1874, ch. 68, secs. 1, 2). Mr. Justice BRISTOW, writing for the court, pointed out that at common law, a married woman had no separate identity and that the husband's immunity from suit inevitably followed, since any recovery on behalf of the wife in a suit against her husband, would become his property and he would be in effect, suing himself. He quoted from a discussion of the subject in *Welch v. Davis* (1951), 410 Ill. 130, 134, 101 N. E. (2d) 547, 548, where the court had said that the unity theory had ceased to be a justification and that the "only support upon which the husband's immunity rests today is one which was developed, largely as an afterthought, to maintain the common-law immunity after its original justifications had been wiped out. Today the immunity can be based solely upon the ground that domestic tranquility is fostered by the prohibition of actions by a wife against her husband."

The *Welch Case* involved an action for wrongful death brought by the administrator of a wife's estate against the executor of her husband's will. The court concluded that the statutory action for wrongful death was not within the contemplation of the common-law rule that a wife cannot sue her husband, and awarded recovery.

Mr. Justice BRISTOW, in the *Brandt Case, supra* (413 Ill. p. 509), also cited with apparent approval a decision of the appellate court of Illinois: ". . . *Tallios v. Tallios,* 345 Ill.

App. 387 [103 N. E. (2d) 507], where the court held that a wife could maintain an action against her husband's employer for injuries caused by her husband's negligence while she was riding in a truck driven by him in the furtherance of his employer's business, irrespective of whether the husband could have been sued by his wife for his negligent acts."

There appears in the opinion in the *Tallios Case,* although it is not quoted in the opinion in the *Brandt Case,* the following statement (345 Ill. App. 393) : "The weight of authority is to the effect that the marital immunity of the spouse does not mean that there is no right of action, but merely denies the remedy against the spouse and does not destroy the right of action against the master."

The opinion in the *Brandt Case* indicates that the court considered the proposition that immunity of the husband from a suit in tort promotes domestic tranquility to be a fallacy and declined to find that the danger of collusion in tort actions between the spouses was a ground for holding such action to be against public policy. The court reached the conclusion that certain language in the 1874 act established the separate identity of a married woman in all litigation and removed all her common-law disability with reference to suing and being sued. The language relied upon was (413 Ill. p. 507), "that a married woman may, in all cases, sue and be sued without joining her husband with her, to the same extent as if she were unmarried." The court was not called upon to say, and did not say, whether that statute created a cause of action and a remedy or merely created a remedy for causes of action that would exist without the aid of the statute.

In June, 1953, a few months after the decision in *Brandt v. Keller,* the Illinois legislature amended the above-quoted portion of the Married Women's Act (1953 Ill. Rev. Stats., ch. 68, sec. 1), so that it now reads: "A married woman

may, in all cases, sue and be sued without joining her husband with her, to the same extent as if she were unmarried; provided, that neither husband nor wife may sue the other for a tort to the person committed during coverture."

Counsel have cited only one decision of an Illinois court since passage of the 1953 amendment, *Hindman v. Holmes* (1955), 4 Ill. App. (2d) 279, 124 N. E. (2d) 344. There Mrs. Hindman brought a personal-injury tort action against her husband and Holmes. The action was commenced after the *Brandt* decision, but before the enactment of the 1953 amendment. The question considered was whether the prohibition against *suit* barred an action of the wife against the husband commenced before the passage of the amendment. The appellate court decided that the language was sufficient to bar prosecution of a pending suit, as well as the commencement of one.

It is urged by defendant here that *Brandt v. Keller* must have held that the 1874 act, by providing that the wife could *sue,* provided for the creation of a cause of action which would not otherwise have existed and that the legislature in providing that the wife could not *sue* in certain cases must be deemed to have undone all that the act of 1874 accomplished in this regard; that if the right was created by the authorization to *sue,* it must be completely destroyed by the prohibition against *suit.*

The alternative course is to construe the language of the 1953 proviso strictly as if it merely destroys the remedy in the courts of Illinois on the type of claim involved. We adopt the latter view. The legislature had before it the Brandt decision with its severe criticism of the doctrine of immunity from suit and its implied approval of the *Tallios Case,* as well as *Welch v. Davis.* The legislature could have provided that neither husband nor wife shall be liable to the other for

a tort to the person committed during coverture but did not choose that language. Perhaps the use of that language might have cast some doubt upon the decisions in the *Tallios* and *Welch Cases* where the action was not between wife and husband and perhaps all that the legislature wanted to change was the rule of *Brandt v. Keller* where the wife was suing the husband. We do not doubt the power of the Illinois legislature to provide that a tort committed by the husband or wife in Illinois upon the person of the other spouse will not give rise to a cause of action, but in the absence of language bluntly barring liability, we conclude that the provision merely destroyed any remedy in the courts of Illinois.

Particularly where, as here, the married people involved are domiciled in a state where public policy recognizes both the cause of action and the right to sue, there is no reason to suppose that the Illinois legislature was concerned with barring liability completely.

*By the Court.*—Judgment reversed, and cause remanded with directions to deny defendant's motion for summary judgment and for further proceedings according to law.

MARTIN, C. J., and BROWN, J., took no part.
BROADFOOT, J., dissents.

A motion for rehearing was granted on February 3, 1959, and oral argument was heard April 6, 1959.

For the appellant there was a brief by *Goldberg, Previant & Cooper,* attorneys, and *Albert J. Goldberg* and *Hugh Hafer* of counsel, all of Milwaukee, and oral argument by *Albert J. Goldberg.*

For the respondent there was oral argument by *Gerald A. Flanagan* and *Norman C. Skogstad* of *Wickham, Borgelt, Skogstad & Powell,* all of Milwaukee.

The following opinion was filed April 10, 1959.

PER CURIAM (*on rehearing*). The plaintiff wife at the time of the accident was domiciled in Wisconsin. Therefore, the instant appeal is governed by our opinion in *Haumschild v. Continental Casualty Co.* (1959), 7 Wis. (2d) 130, 95 N. W. (2d) 814. We therein hold that the law of the domicile is to be applied in determining whether there exists an interspousal immunity to suit in tort as to an automobile accident which occurred in a state other than Wisconsin. In the instant case Wisconsin is the state of domicile and under its law there is no such interspousal immunity. This requires that the original mandate herein be adhered to.

We, therefore, find it unnecessary to pass upon the issue argued upon the rehearing as to whether the Illinois interspousal immunity to suit in tort is procedural or substantive in nature. We withdraw that portion of the original opinion wherein we interpreted Illinois law to hold that such immunity barred only the remedy and not the cause of action. There is no question but that such immunity at common law was substantive in nature. *Callow v. Thomas* (1948), 322 Mass. 550, 78 N. E. (2d) 637; *Bissonnette v. Bissonnette* (Conn. 1958), 142 Atl. (2d) 527; Anno. 43 A. L. R. (2d) 632, 634, sec. 1; and 27 Am. Jur., Husband and Wife, p. 191, sec. 589. We quote from *Callow v. Thomas, supra,* as follows (322 Mass. 551):

"That no cause of action arises in favor of either husband or wife for a tort committed by the other during coverture is too well settled to require citation of authority."

The authority cited in our original opinion as holding that the common-law interspousal immunity only barred the remedy and not the cause of action is the case of *Tallios v. Tallios* (1952), 345 Ill. App. 387, 392, 103 N. E. (2d) 507, 510. The quotation from the *Tallios Case* to such effect which ap-

peared in our original opinion was but dictum unnecessary to the result. As authority for such dictum, the *Tallios Case* cites only the Mississippi case of *McLaurin v. McLaurin Furniture Co.* (1933), 166 Miss. 180, 146 So. 877. However, Mississippi is in accord with the overwhelming weight of authority in holding that a wife at common law has no cause of action against her husband in tort. *Ensminger v. Ensminger* (1955), 222 Miss. 799, 77 So. (2d) 308.