In this suit, plaintiff seeks to recover for personal injuries resulting from an accident on August 17, 1941, while riding in an automobile belonging to and driven by her husband, E.L. Burke, when her husband's automobile collided with a truck owned by Alcorn A. M. College, in the County of Claiborne, State of Mississippi. The defendant is the Massachusetts Bonding and Insurance Company, her husband's liability insurer.
The plaintiff, on January 30, 1942, brought this suit in the District Court for the Parish of East Baton Rouge, State of Louisiana. In the suit, she alleges that she and her husband are permanent residents of the Parish of East Baton Rouge, but on the occasion in question they were temporarily residing in Alcorn, Mississippi. She alleges that the sole cause of the accident was the negligence of her husband.
The defendant first filed an exception to the jurisdiction of the Court ratione personae and ratione materiae. After trial of the exception, it was overruled. Subsequently the defendant filed an exception of no legal right or cause of action, based upon the laws of the State of Mississippi. This exception was referred to the merits.
The defendant then answered. In its answer, the defendant admitted the issuance of the policy of liability insurance to plaintiff's husband, but denied the negligence of the husband and denied any liability under the policy to plaintiff. In further answer, defendant renews its exception of no legal right or cause of action, contending that plaintiff's rights must be determined by the laws of the State of Mississippi wherein the tort is alleged to have been committed, contending further that while a husband and wife may sue each other under the laws of Mississippi, yet neither the husband nor the wife has a cause of action against the other for a tort committed by him or her upon his or her person. It further contended that even though the plaintiff has been able to obtain jurisdiction against her husband's insurer in a direct suit in a Louisiana Court, that fact does not create against her husband or against his insurer, the defendant, herein, a substantive right that does not exist under the laws of the State of Mississippi, where the wrong is alleged to have occurred, and, consequently, the plaintiff does not allege or set forth a legal right or legal cause of action as against defendant.
The case was tried on the exception and on the merits; the trial resulted in a judgment in favor of the defendant and against the plaintiff, sustaining the exception of no legal right or legal cause of action, and dismissing the suit at plaintiff's cost. Plaintiff has appealed.
 Plea to the Jurisdiction.
This is a tort action against the liability insurer of an automobile. There is no contractual relation between the injured person and the insurer in the case of public liability insurance; hence the injured person has no right of action against the insurer, except the right which is conferred by Act 55 of 1930, that is, to sue the insurer "in the parish where the accident or injury occurred, or in the parish where the assured has his domicile." Since the accident or injury happened in Claiborne County, Mississippi, the only issue under the exception of jurisdiction is the domicile of F.S. Burke, defendant's assured.
Burke came to Baton Rouge in 1926 as a professor at Southern University. He married plaintiff, a Baton Rouge girl, in 1926; he lived with his mother-in-law for a period of two months; thereafter lived in quarters on the Southern University grounds; these quarters were furnished him by the University as part of his salary. He maintained, however, a room, furnished by him, at the home of his mother-in-law, where he would spend his week-ends and his vacation periods while teaching at the University. He acquired property in the Parish of East Baton Rouge, upon which, he testified, he intended to build a residence. He registered as a voter in East Baton Rouge Parish in 1934 and again in 1942. He voted in the general election in 1936. In 1939 he was offered a teaching position at a better salary by the Alcorn A. M. College, at Alcorn, Mississippi. He accepted the position, and in November, 1939, he assumed his duties at that University. At the time of the accident, he was employed *Page 649 
by the College, under a yearly contract. He testified positively that although he was living in the State of Mississippi it was never his intention to abandon his domicile in the Parish of East Baton Rouge. He further testified that he continued to maintain his domicile in East Baton Rouge, at the home of his mother-in-law, where he maintained a furnished room for himself and family, visiting and occupying the room at intervals and during his vacation periods while pursuing his profession at Alcorn, Miss.
The question of domicile is one of intention as well as of fact. It is our opinion, under the facts in this case, that Burke had acquired and established his domicile in the Parish of East Baton Rouge. Where, as in this case, it appears that a domicile has been acquired in this State, the party seeking to show that it has been changed to another state, must overcome the legal presumption that it has not been changed, by positive and satisfactory proof of the establishment of a domicile in the other state as a matter of fact with the intention of remaining in the other state and of abandoning the former domicile. See First National Bank v. Hinton, 123 La. 1018, 1023, 49 So. 692, 694, and the cases therein cited. This, the defendant has failed to do. The most that can be said of the proof in this case is that it shows that Burke was residing in Alcorn, Miss., in the pursuit of his profession, with no intention to abandon the domicile that he had acquired in Louisiana or to acquire a domicile in Mississippi. The mere fact that he spent most of his time in Mississippi does not alter the situation or make his domicile in Mississippi. Burke's residence in Mississippi was temporary and uncertain, in its nature, and lacked the animus manendi necessary to constitute a domicile or habitual residence. Civ. Code, art. 38.
Defendant further contends that if the court should hold that Burke acquired a domicile in the Parish of East Baton Rouge, then that his domicile was forfeited by a voluntary absence of more than two years from the State of Louisiana and relies on Revised Civil Code, Article 46, which provides:
"Domicile once acquired shall not be forfeited by absence on business of the State or of the United States, but a voluntary absence of two years from the State, or the acquisition of residence in any other State of this Union, or elsewhere, shall forfeit a domicile within this State."
The Supreme Court, in the case of Hyman v. Schlenker, 44 La.Ann. 108, 10 So. 623, 626, having under consideration the interpretation of this Article, states:
"Under a literal construction of the words of article 46, that `the acquisition of a residence in any other state of this Union shall forfeit a domicile within this state,' the case would be too clear for discussion, * * *. But we think the article should not be so strictly construed, and that the legislature meant the acquisition of such a residence as is mentioned in the prior article, (41,) i.e., one which combines `the act of residing' with `the intention of making one's principal establishment there.' In other words, article 46 subjects the change of domicile from this state to another to the same tests which article 41 applies to change of domicile from one parish to another.
"These tests require two elements, viz.: (1) Actual residence in the new place; (2) the intention to fix there his principal establishment."
If this Article applies to the case under consideration, we are of the opinion that the two requirements have not been met. Furthermore, the evidence does not show that Burke did voluntarily absent himself from the State for two years. Under his testimony he visited Baton Rouge "off and on" and particularly spent his vacation periods in East Baton Rouge. In fact, he was on his way to Louisiana for such a visit when the accident happened. It is our interpretation of the clause "but a voluntary absence of two years from the State * * * shall forfeit a domicile within this State" means that such an absence from the State without returning to the State within that time would raise a presumption of his having abandoned the domicile acquired in this State, and which presumption can be rebutted by proof.
Therefore the plea of the jurisdiction was correctly overruled.
 Exception of No Legal Right or Legal Cause of Action.
This being a tort action, the accident having happened in the State of *Page 650 
Mississippi, plaintiff's rights must be determined by the laws of Mississippi.
Section 94 of the Constitution of the State of Mississippi of 1890, which is the constitution now in force and effect in Mississippi, reads as follows: "The legislature shall never create by law any distinction between the rights of men and women to acquire, own, enjoy, and dispose of property of all kinds, or their power to contract in reference thereto. Married women are hereby fully emancipated from all disability on account of coverture. But this shall not prevent the legislature from regulating contracts between husband and wife; nor shall the legislature be prevented from regulating the sale of homesteads." Thereafter, the Legislature made provisions with respect to the rights of married women and also as to the right of either the husband or the wife to sue each other. Section 1940 of the Code of Mississippi of 1930, which was Section 2517 of the Code of 1906, reads as follows: "Disability of coverture abolished. — Married women are fully emancipated from all disability on account of coverture; and the common law as to the disabilities of married women and its effects on the rights of property of the wife, is totally abrogated, and marriage shall not impose any disability or incapacity on a woman as to ownership, acquisition, or disposition of property of any sort, or as to her capacity to make the contracts and do all acts in reference to property which she could lawfully do if she were not married; but every woman now married, or hereafter to be married, shall have the same capacity to acquire, hold, manage, control, use, enjoy, and dispose of all property, real and personal, in possession or expectancy, and to make any contract in reference to it, and to bind herself personally, and to sue and be sued, with all the rights and liabilities incident thereto, as if she were not married." Section 1941 of the Code of 1930, which was Section 2518 of the Code of 1906, reads as follows: "May sue each other. — [The] husband and wife may sue each other."
The Supreme Court of the State of Mississippi had occasion to construe those Sections of the Code with respect to the rights of a wife to sue her husband for a tort in the cases of Austin v. Austin, 136 Miss. 61, 100 So. 591, 33 A.L.R. 1388, and Scales v. Scales, 168 Miss. 439, 151 So. 551.
In the Austin case, the Supreme Court had under consideration a case wherein the wife was suing her husband for injuries alleged to have been received by her by reason of the negligent and reckless manner in which her husband operated his automobile in which she was riding with him as his guest. The Supreme Court held that Section 94 of the Constitution of 1890, and Sections 2517 and 2518, Code of 1906 (now Sections 1940 and 1941 of the Code of 1930, supra), emancipating married women from the common-law disabilities of coverture, do not have the effect to remove the common-law disability of husband and wife to sue each other for a personal tort; therefore the common law stands, and neither husband nor wife can maintain such a suit.
The Scales' case is likewise a case wherein the wife sued for damages resulting from a personal injury, alleged to have been caused by the negligence of the husband. At the time of the injury, she was riding in an automobile driven by the husband, which, as she alleges, because of the negligence of the husband, skidded, turned over, and she was thereby injured. The only difference between this case and the Austin case lies in that the injury occurred prior to the marriage, but the suit was filed after marriage. The Supreme Court quoted, with approval, its decision of the Austin case, and held that the right of action of the plaintiff was extinguished by the marriage.
According to the testimony of Mr. C.B. Snow, a reputable attorney of the Jackson, Miss., bar, there has not been any decision by the Supreme Court of Mississippi since the Scales case which in any way detracted from, changed or altered the law as announced in the Austin case. He further states that the decision in the Austin case has been cited in other cases, and, in addition to that, numerous sessions of the Mississippi Legislature have been had and that there have been no changes made by the legislature in the statutes quoted supra.
Thus, it can readily be seen that while the wife can sue her husband in Mississippi, in other words, she has a right to sue, yet she has no cause of action against her husband for a tort or *Page 651 
injuries inflicted upon her by the negligence of her husband.
In Louisiana, the jurisprudence is now well settled that the wife has a cause of action for a tort committed by her husband, but she is deprived of the right to sue her husband. By virtue of Act 55 of 1930, she can bring the suit against her husband's insurer, and the insurer is not permitted to plead coverture. This plea has been held to be a personal plea or defense in favor of the husband. In the State of Mississippi there is no such statute permitting a claimant in a tort case in any situation to bring a direct action against the insurer, nor is there any jurisprudence which allows the claimant a direct action against the insurer. To the contrary, the claimant must file his suit against the assured and exhaust all remedies against the assured before he can bring an action against the insurer.
It is conceded that the Louisiana Act No. 55 of 1930 is procedural and not substantive. In fact, it is by virtue of this Act that plaintiff filed her suit against the defendant in Louisiana. However, the Act does not give to plaintiff any more rights than that given her in the State of Mississippi; it only gives to her a procedure to enforce whatever rights she had in the State of Mississippi. Since she has no cause of action under the laws of Mississippi, consequently she cannot have a cause of action in this State.
Counsel for plaintiff cites the case of McLaurin v. McLaurin Furniture Company, 166 Miss. 180, 146 So. 887, a case wherein the wife was allowed recovery against her husband's employer for injuries caused by the negligence of her husband while in the course and scope of his employment under the doctrine of respondeat superior, and argues that this decision "makes it reasonably clear that if a remedy similar to (our) Act No. 55 (of 1930) existed under the statutory law of that State (Mississippi), and if it was pursued by the wife, recovery would be allowed there." We cannot indulge in what the Supreme Court of Mississippi might decide if that State would have a similar statute; we can only say that very probably counsel may be correct in his conclusion. Nevertheless, the fact remains that Mississippi has no such statute and ours cannot have extra-territorial effect.
Plaintiff has referred us to certain articles of our Civil Code pertaining to liability of sureties and co-debtors, in solido, the Articles referred to being Articles 3036, 3060 and 2098 of the Civil Code and contends that as defendant did not prove on the trial of the case that the law of Mississippi is different from that expressed in these articles of our Code, it will be presumed that, as to such articles, the law of Mississippi is the same as expressed therein.
Conceding plaintiff's argument to be well taken, the articles cited are not applicable to a case as at bar. It is admitted that prior to Act 55 of 1930, a claimant could not maintain a direct action against the assurer, but had to first sue the assured, obtain judgment, and exhaust his remedies prior to bringing his action against the assurer; such was our law and is now the law of Mississippi. Had these articles any application to a case as at bar, our Supreme Court would have so decided and there would not have been any necessity for the Legislature of Louisiana to enact such a statute as Act No. 55 of 1930.
For these reasons, the judgment appealed from is affirmed.