24 So.2d 875

**BURKE v. MASSACHUSETTS BONDING & INS. CO.**

No. 37772.

Jan. 7, 1946.

Rehearing Denied Feb. 11, 1946.

Fred G. Benton, of Baton Rouge, for applicant.

St. Clair Adams & Son, of New Orleans, for defendant.

ROGERS, Justice.

The plaintiff, Stella Herson Burke, while in an automobile owned and driven by her husband, E. S. Burke, was severely injured when the automobile collided with a school truck owned by Alcorn A. & M. College in Claiborne County, Mississippi. The accident occurred near the college on August 17, 1941, and on January 30, 1942, plaintiff, alleging that the accident was cause solely by the negligence of her husband, brought suit in the district court for the Parish of East Baton Rouge against the Massachusetts Bonding & Insurance Company, her husband's liability insurer.

The defendant first filed an exception to the jurisdiction of the court ratione personae and ratione materiae, which was overruled. The defendant then filed an exception of no legal right or cause of action which was referred to the merits for proof of the laws of Mississippi on which the exception was predicated. Thereafter defendant filed an answer and the case was tried on its merits. The trial judge, however, sustained the exception of no legal right or cause of action and dismissed plaintiff's suit. On appeal to the Court of Appeal for the First Circuit, the judgment of the district court was affirmed. Plaintiff applied for a rehearing which was denied (19 So. 2d 647) and plaintiff then applied for and obtained a writ of review from this Court.

Since defendant did not apply for relief from the adverse judgment of the Court of Appeal, affirming the judgment of the district court on the jurisdictional question raised by defendant, plaintiff contends that the question can not be considered in this proceeding. Washington v. Holmes & Barnes, 200 La. 787, 9 So.2d 35, cited in support of plaintiff's contention. Conversely, defendant contends that since both the district court and the Court of Appeal rendered judgment in its favor on the exception of no right or cause of action, it was not necessary for defendant to apply to this Court for review of the question of jurisdiction. Defendant argues that the question of jurisdiction of the trial court ratione materiae need not be specially pleaded in this Court since the Court will, of its own motion, take notice of the lack of such jurisdiction. Sennette v. Police Jury, 129 La. 728, 56 So. 653, and other cases are cited in support of defendant's contention.

We do not find it necessary to determine which of these contentions is correct for, conceding that this Court, in the absence of an application for certiorari, is required to pass upon the question of jurisdiction

ratione materiae of the district court where, on the application of the adverse party, the judgment of the Court of Appeal is before this Court for review on another phase of the case, we find no error in the decision of the Court of Appeal holding that the trial court was vested with jurisdiction to entertain and dispose of the case.

Plaintiff predicates her right of action on Act 55 of 1930 permitting the injured party in a tort action to sue the insurer of the wrongdoer in the parish where he has his domicile. Hence, the only question to be determined under the exception to the jurisdiction is the domicile of E. S. Burke, the defendant's assured. After correctly pointing out that the question of domicile is one of intention, as well as one of fact, the Court of Appeal held that the domicile of Burke was in the Parish of East Baton Rouge, State of Louisiana, and not in Claiborne County, State of Mississippi. A consideration of the record, together with the opinion of the Court of Appeal, satisfies us that the judgment of the Court of Appeal affirming the ruling of the district court on the question of jurisdiction is correct.

The decision of the Court of Appeal on the question of no right or cause of action is also clearly correct. Plaintiff's action is one arising ex delicto and not ex contractu. Metropolitan Casualty Ins. Co. v. Bowdon, 181 La. 295, 159 So. 394; Reeves v. Globe Indemnity Co., 182 La. 905, 162 So. 724; Reeves v. Globe Indemnity Co., 185 La. 42, 168 So. 488. Where the action is brought in one jurisdiction for a tort committed in another the rights and liabilities of the parties are determined by the laws of the place where the wrong is committed and not by the laws of the place where the right of action is asserted. 11 Amer.Jur., sec. 490, p. 182; American Law Institute, Conflict of Laws, sec. 384, p. 470. In the latter comprehensive work the rule is concisely stated as follows: "If no cause of action is created at the place of wrong, no recovery in tort can be had in any other state." We must therefore look to the laws of Mississippi where plaintiff's injury occurred and not to the laws of Louisiana where the plaintiff's suit was brought in order to determine plaintiff's rights.

But plaintiff maintains it was not shown on the trial of the case that the law of Mississippi is different from the law of this State, and, in any event, under the present state of proof it must be presumed to be the same as the law of Louisiana. Upon this premise plaintiff insists that the Court of Appeal erred in sustaining defendant's exception of no right or cause of action since, under the laws of this State, although a wife can not sue her husband for damages growing out of a tort, she can sue his liability insurer, on the theory that the defense of coverture is personal to the husband and can not be availed of by his insurer. Act 55 of 1930; Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191.

We find no basis for plaintiff's contention. The law of Mississippi governing cases of this character was shown on the trial. The pertinent provisions of the Constitution and Code of Mississippi and the cases of Austin v. Austin, 136 Miss. 61,

100 So. 591, 33 A.L.R. 1388, and Scales v. Scales, 168 Miss. 439, 151 So. 551, construing those provisions, are quoted and discussed at length in the opinion of the Court of Appeal and it is not necessary to reproduce the quotations and discussion here. As correctly pointed out by the Court of Appeal, the testimony of Mr. C. B. Snow, a reputable and experienced lawyer of Jackson, Mississippi, shows that there has not been any decision by the Supreme Court of Mississippi since the Scales case which, in any way, detracts from or changes the law as announced in the Austin case which, itself, has been cited and approved in subsequent cases. We concur in the findings of the judge of the district court and of the judges of the Court of Appeal that there is nothing in the decision of the Supreme Court of Mississippi in the case of McLaurin v. McLaurin Furniture Co., 166 Miss. 180, 146 So. 877, that in any way overrules or conflicts with the decision in the Austin case. All that the McLaurin case holds is that, although a wife could not sue her husband for a tort, she could sue his employer if he was acting in the course of and incidental to his employment at the time of the accident and injury; in other words, that the tortious act of the servant is the act of the master and that the liability of the master is distinct from that of the servant. Moreover, the decision in the Scales case, reaffirming the law as expressed in the Austin case, was rendered by the Supreme Court of Mississippi subsequent to its decision in the McLaurin case.

■ In the instant case we are not called upon to apply the doctrine of respondeat superior but are directly confronted with the question of whether, under the law of Mississippi, a wife has a right or cause of action against her husband for a tort committed against her. If she has no right or cause of action against her husband she has also no right or cause of action against her husband's liability insurer, because the liability of the insurer can be no greater than that of the insured. Unlike the master, the insurer is not subject to an independent liability.

■ The only reason why, under the law of Louisiana, a wife who is not permitted to sue her husband for a tort may sue his liability insurer is because this right is expressly conferred upon her by Act 55 of 1930. But there is no statute in Mississippi permitting the wife or any other claimant in a tort case to bring a direct action against the liability insurer, nor has the Supreme Court of Mississippi established any jurisprudence which authorizes such an action. On the contrary, in that State the claimant must file his suit and exhaust all remedies against the insured before he can bring his suit against the insurer.

■ It is conceded that Act 55 of 1930 is procedural and not substantive, and it is only by virtue of the statute that plaintiff brought her suit in Louisiana. Plaintiff insists that since the statute creates no substantive right, the case must be governed by the law of the place where the remedy is sought. But the statute merely gives a claimant a direct right of action against the liability insurer when he has a cause of action against the insured, or

where the insured would be liable but for an immunity personal to him. The statute does not give plaintiff any more rights than she has under the law of Mississippi. It only furnishes her with a method to enforce in Louisiana whatever rights she has in Mississippi. Since she has no cause of action under the law of Mississippi, necessarily Act 55 of 1930 confers upon her no cause of action in Louisiana. The mere fact that under the statute plaintiff was able to obtain jurisdiction against her husband's liability insurer in a direct action in this State does not create, as against her husband, or as against his insurer, a substantive cause of action that does not exist under the law of the State where the wrongful act occurred.

Plaintiff strongly relies on the cases of Williams v. Pope Manufacturing Co., 52 La.Ann. 1417, 27 So. 851, 50 L.R.A. 816, 78 Am.St.Rep. 390, and Matney v. Blue Ribbon, 202 La. 505, 12 So.2d 253. Relator contends that those cases, in practical effect, have held that where the wife was asserting an action in tort for personal injuries either the law where the tort occurred or the law of the wife's domicile is applicable, whichever is more favorable to her position. We have examined the opinions in those cases and fail to see where they have any material bearing upon the issues presented in this case. In Williams v. Pope Mfg. Co., the suit was brought by a married woman living in Mississippi for a tort which occurred in Louisiana. Under the law of Mississippi she had the right to sue in her own name, but the law of Louisiana at that time was

that the claim of the wife for personal injuries could only be asserted by her husband as the head and master of the community. All this Court held was that inasmuch as the action was a personal right which belonged to plaintiff under the law of the state of her domicile that Louisiana would recognize her right even though the law of this State was different. In other words, the Court merely held, as pointed out in the later case of Matney v. Blue Ribbon, that in spite of the fact that plaintiff had no right of action under our law, this court, under the rule of comity, would recognize and enforce the personal right granted the wife by the law of her domicile. The Court, however, was careful to point out that if the tort had been committed in Louisiana, the cause of action would be governed by the law of this State.

In Matney v. Blue Ribbon, the plaintiff was a married woman residing in Texas, who was accidentally injured in Louisiana. Defendant excepted to the plaintiff's petition on the ground that plaintiff being a married woman domiciled in Texas, her action was governed by the law of that State providing that such an action was community property and could be maintained only by her husband in his own name. In other words, the case presented the reverse of the situation presented in Williams v. Pope Mfg. Co. In both cases the accident occurred in Louisiana, and this Court merely held that an action in tort is transitory and that plaintiff was entitled to have her rights determined under the law of this State.

In the instant case the accident occurred in Mississippi and necessarily the question of whether the plaintiff has a substantive cause of action must be determined by the law of that State.

■ Plaintiff contends that Articles 3036, 3060 and 2098 of the Civil Code dealing with suretyship are applicable to the issue involved in this case. Plaintiff argues that as it was not proved on the trial of the case that. the law of Mississippi is different from that expressed in the code articles, it must be presumed that the law expressed in the articles is the same in both states. There is no force in the argument. In the first place, it was shown by the testimony of Mr. Snow, an experienced lawyer of Mississippi, that there were no other statutes of Mississippi or decisions of the Supreme Court of Mississippi than those introduced in evidence affecting the issue presented on the exception of no right or cause of action. In the second place, it is difficult to perceive how the articles of the Civil Code relating to sureties and co-debtors in solido are applicable to this case. Conceding arguendo that the law of Mississippi is the same as expressed in the code articles, we are not confronted here with any question involving sureties or co-debtors. There must be a principal before there can be a surety and there must be a debtor before there can be a co-debtor. Under the law of Mississippi, the wife has no cause of action against her husband for a tort against her person, and, consequently, her husband is neither a principal nor a debtor as to whom the relation of surety or co-debtor

could arise. Furthermore, as was held by the Court of Appeal in discussing the alleged applicability of the code articles, "it is admitted that prior to Act 55 of 1930, a claimant could not maintain a direct action against the assurer, but had to first sue the assured, obtain judgment, and exhaust his remedies prior to bringing his action against the assurer; such was our law and is now the law of Mississippi. Had these articles any application to 'a case as at bar, our Supreme Court would have so decided and there would not have been any necessity for the Legislature of Louisiana to enact such a statute as Act No. 55 of 1930." [19 So.2d 647, 651.]

For the reasons assigned, the judgment of the Court of Appeal is affirmed.