### BELANGER v. GREAT AMERICAN INDEMNITY CO. OF NEW YORK.

#### No. 13284.

United States Court of Appeals
Fifth Circuit.

April 20, 1951.

Homer J. Belanger, Jno. Fred Odom, Baton Rouge, La., for appellant.

Alvin R. Christovich, New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

PER CURIAM.

This appeal complains of the order of the trial Court sustaining defendant's motion for summary judgment in a suit against it by "direct action," upon a liability policy issued in Massachusetts which

contained a "no action clause.[1]" In sustaining the motion for summary judgment the trial Court adjudged, as one ground for its order, that at the times, of the accident, of the institution of the suit, and of the hearing and judgment upon the motion, the applicable provision of Louisiana law, Sec. 14.45 of the Louisiana Insurance Code, LSA–RS 22:655, by which was repealed Louisiana Act 55 of 1930, limited the right of direct action against liability insurers to policies of insurance issued in Louisiana.[2] As an additional ground in support of its judgment, the Court held in effect, that application of the ruling in Hartford Accident & Indemnity Co. v. Delta & Pine Land Co., 292 U.S. 143, 54 S.Ct. 634, 78 L.Ed. 1178, required the conclusion that to apply the direct action provision of the Louisiana statute to the Massachusetts insurance contract would, under the circumstances here, deprive the insurer of due process of law.

We think the ruling of the Court can properly be sustained upon the construction given Section 14.45 of the Louisiana Insurance Code as shown by its opinion quoted above. The appellant, while contesting even this application of Section 14.45 supra, calls our attention to a concurrent resolution adopted by the Louisiana Legislature on June 26, 1950 which resolved that

---

[1] "Action Against Company. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

[2] "Defendant has filed a motion to dismiss on the ground the Section 14.45 of the Louisiana Insurance Code does not apply to the insurance policy here in suit for the reason that it was issued in Massachusetts and Section 14.45 applies only to policies issued and delivered in Louisiana. Further, the policy has a 'no action' clause, valid in Massachusetts, under which no action will lie against the insurer until the amount of the claim has been fixed judicially or by agreement between the parties with written consent of the insurer.

"Plaintiff cites a list of cases decided by the Supreme Court of Louisiana, the Courts of Appeal of Louisiana and the United States District Courts sitting in both the Eastern and Western Districts of Louisiana holding that under Act 55 of 1930 there is a right to direct action against a liability insurer, regardless of where the policy was issued and delivered. These decisions, however, are all based on Act 55 of 1930, and not on Section 14.45 of the Louisiana Insurance Code, which repeals and replaces Act 55. No case has been cited wherein Section 14.45 has been applied to a policy of insurance issued and delivered in a state other than Louisiana.

"Prior to the passage of Section 14.45, Act 55 of 1930 was the statute which provided for direct action against insurers. Act 55 of 1930 provided that 'it shall be illegal for any company to issue any policy against liability' except subject to the further provisions of the act. It would appear that this language would clearly restrict the application of the provisions of the act to policies of liability insurance issued in Louisiana. The Courts, however, have held otherwise. Stephenson v. List Laundry and Dry Cleaners, Inc., 182 La. 383, 162 So. 19; Robbins v. Short [La.App.,] 165 So. 512; Duncan v. Ashwander [D.C.,] 16 F.Supp. 829; Rogers v. American Employers' Insurance Company [D.C.,] 61 F.Supp. 142. The Louisiana Legislature with full knowledge of this line of jurisprudence giving extra-territorial effect to Act 55 repealed the act and enacted Section 14.45 of the Louisiana Insurance Code. The intention of the legislature to limit Section 14.45, under which the right of direct action against liability insurers is now provided, to policies of insurance issued in Louisiana is manifested by the first clause of the act which reads as follows: 'No policy or contract of liability insurance shall be issued or delivered in this state, * * *.' By this language it is apparent that the legislature rather than risk the possibility of Section 14.45 being declared unconstitutional as applied to out of state liability policies, specifically limited its application to policies issued in Louisiana. Under this section therefore, if the expressed intent of the legislature is to be given effect, the direct action provision does not apply to policies of liability insurance issued in states other than Louisiana. It will follow, therefore, that Section 14.45 does not apply to the policy of insurance here in suit since it was admittedly issued in Massachusetts."

"it was never the intention" of the 1948 Legislature in enacting Section 14.45 to repeal or in any wise restrict Act 55 of 1930 so far as it provided direct action against liability insurers. Reliance is also had upon the provisions of Act No. 541 of 1950 and Act No. 542 of 1950. Without attempting to set forth these statutory provisions in detail, it is sufficient to say that they purport to expressly provide, Act No. 541, a right of direct action in Louisiana as to accidents or injuries occurring within the State of Louisiana, no matter where the policy sued upon was written or delivered, and Act No. 542, that no certificate of authority to do business in Louisiana shall be issued to any foreign liability insurer until such insurer shall consent to being sued by the injured person by the direct action provided in Act No. 541. These Acts became effective July 26, 1950. The present cause had been dismissed on April 5, 1950. Appellant contends that since the remedy of direct action is remedial and procedural, as has been held by the Louisiana Courts, and this Court in Wells v. American Employers' Ins. Co., 5 Cir., 132 F.2d 316,[3] the express authorization for direct action is properly retroactive so that it is urged that the Louisiana statutes of 1950, passed subsequent to the order now complained of, should now be considered by this Court as grounds of reversal of the judgment, even if it was proper when entered. This contention is unsound for the reason that it misapplies the principle which permits a change of procedure to affect pending proceedings from the effective date of the change and in the subsequent course of litigation to an entirely different situation where the litigation has been terminated and closed in accordance with then existing law prior to the change and enlargement of remedy. In such latter case, a change in the procedural law does not operate retroactively so as to affect a proceeding which had already been terminated by judgment before the enactment of the amendment.[4] The concurrent resolution of 1950 express-

ing the legislative determination by that body of the "intention" of the Legislature of 1948, can in no event have more effect than if considered as an amendment, or new statute, since as to the litigation already closed, the question concerns the correctness of the construction and application given to the existing statute as written and enforced at the time of the adjudication. The defendant was entitled to have its rights determined in accordance with existing law, and this being done, the adjudication may not be annulled by subsequent legislation.

■ Since this reason supports the judgment of the trial Court, there is no occasion for any discussion of the constitutional question and we obey the sound and well established rule which enjoins judicial abstention from a determination of the constitutional validity of statutes except where absolutely necessary for a determination of the case.

Judgment affirmed.

---

3. But see New Amsterdam Casualty Co. v. Soileau, 5 Cir., 167 F.2d 767, 6 A.L.R. 2d 128.

4. 59 C.J. sec. 719, and citations note 5, p. 1184; Sutherland, Statutory Construction, 3rd Ed., Vol. 2, sec. 2212; 50 Am. Jur., Statutes, sec. 478, p. 500.