### WATSON et ux. v. EMPLOYERS LIABIL-ITY ASSUR. CORP., Limited.

#### Civ. A. No. 3700.

United States District Court
W. D. Louisiana, Shreveport Division.
Sept. 15, 1952.

Luther S. Montgomery and Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, La., for plaintiffs.

Benjamin C. King, Cook, Clark & Egan, Shreveport, La., for defendant.

DAWKINS, Chief Judge.

This suit was filed originally in the State Court for Bienville Parish against the insurer, Employers Liability Assurance Corporation, Ltd. (called Employers), alone of the Gillette Safety Razor Company (called the Razor Company), and was moved here by the defendant on the ground of diverse citizenship. The removed record was filed on April 16, 1952, and on the 18th of the same month, plaintiff filed an amended complaint adding the said insured

as a party defendant. On April 28, Employers moved to dismiss the suit against the insurer on a plea of unconstitutionality of the direct action statute, No. 541 of the Louisiana Legislature of 1950, LSA–R.S. 22:655 and note. On the same day, it filed objections to the allowance of the amended complaint making the Razor Company a party defendant, and, in the alternative, "to drop it" from the case.

Thereafter, motions of the same general character, pleading insufficiency or improper service, etc., as in the Bish case, No. 3697 on the docket of this court, were filed by defendant. Plaintiffs then filed a second amended complaint making the Gillette Company a party defendant. They prayed that this second amendment, with the original and first amended complaint, be served upon both the Gillette Company and the Razor Company, and for judgment against them "as the Court may determine is the proper corporate entity". In a certificate at the foot of the second amended complaint, counsel for plaintiffs certified that "a copy of the above and foregoing supplemental and amended complaint has been served upon defendant, Gillette Safety Razor Company" and upon Employers "by mailing same to its attorneys of record * * * and that service is being made upon defendant, The Gillette Company, through the proper United States Marshal".

On June 25, counsel for defendant filed on behalf of Employers a similar motion objecting to the allowance of the second amended complaint, and, in the alternative, "to drop" the Gillette Company as defendant.

On April 11, 1952, by agreement of counsel, all pending motions submitted were taken under advisement on briefs.

The issues involved in the motion to dismiss insurer (Employers) on the ground of the unconstitutionality of Act 541 of 1950 are the same as in Bish v. Employers' Liability Assurance Corp., Ltd., D.C., 102 F. Supp. 343, which was sustained. Nothing in the arguments has caused this court to change its views, but they have been, in effect, sustained in Fisher v. Home Indemnity Company, 5 Cir., 198 F.2d 218, by the Court of Appeals for this Circuit in its decision handed down on June 30th last. The only difference is that the suit was filed here after the change made in the State law by the Acts 541 and 542 of 1950, LSA–R.S. 22:655, and note, 22:983, subd. E, applying to all policies of insurance whether made or delivered in the State or elsewhere. The latter act compels an insurer, as a condition to doing business in this State, to consent in writing to be sued in a direct action alone upon any policy wherever written, in complete disregard of any "no action" clause. These matters were dealt with fully by this court in the case of Mayo v. Zurich General Accident & Liability Ins. Co., D.C., 106 F.Supp. 579. Both statutes were held to be unconstitutional insofar as they dealt with policies written and delivered outside the State of Louisiana, and that the State could not impose the compulsory consent either before or after the insurance company did business here. See also Bayard v. Traders & Gen. Ins. Co., D.C., 99 F.Supp. 343, and Bish v. Employers' Liability Assurance Corp., Ltd., D.C., 102 F.Supp. 343.

Employers will therefore be dismissed from the case for the reasons stated in those decisions.

This leaves the question of whether the plaintiff can retain or continue the action against the Razor Company or the Gillette Company, which were not joined in the original suit in the State Court.

The decisions holding Act 55 of 1930 and Act 541 of the Louisiana Legislature of 1950 (now Sec. 655 of Title 22 of the Revised Statutes of Louisiana, LSA–R.S. 22:655) unconstitutional as to contracts made outside the State and valid where made, have had the effect of saying there is no right or cause of action originally against the insurer alone when it was filed in the State Court. It cannot be seen, therefore, that the adding of the insured as another party defendant after removal to this court could breathe life into the case as is now undertaken. Had the plaintiff joined one or both of the Gillette Companies in the suit in the State Court with the insurer, it would have been as invalid as it was against the latter alone. When

removed in that condition, it would have been subject to dismissal here since it was just as much a violation of the constitutional rights of the insurer in that form as against it alone. All the more reason why the same purpose cannot be accomplished by adding the insured here and attempting at the same time to keep the insurer in the case. It would be just as prejudicial to the insurer to have to defend before a jury, jointly with the insured, the issue of responsibility for the accident and the amount to be recovered, if condemned, as if the insurer were sued alone. The whole matter, it would seem, turns upon the question of the right of the insurer, under its contract, to have those questions first determined against the insured alone, before being hauled into court for any purpose.

The conclusion thus reached requires a dismissal of the entire case as to all defendants, and it is unnecessary to go into the controversies over service of process, etc.