**WATSON et ux. v. EMPLOYERS LIABILITY ASSUR. CORP., Limited, et al.**

**No. 14316.**

United States Court of Appeals
Fifth Circuit.

Feb. 27, 1953.

Cleve Burton and Richard H. Switzer, Shreveport, La. (Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, La., of counsel), for appellants.

Benjamin C. King and Charles D. Egan, Shreveport, La., for appellees.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

This is the latest to be decided in a series of five tort actions [1] brought in the Western District of Louisiana against insurers under the Louisiana Direct Action Statutes.[2]

Originally filed in the state court against appellee, the liability insurer of Gillette Safety Razor Company, under a policy [3] containing a "no action" clause valid in Massachusetts, where the policy was written, and in Illinois, where it was delivered, the suit was for damages sustained by plaintiff as a result of using "A New Toni Home Permanent" alleged to be a product manufactured and sold by a department of Gillette Safety Razor Co., the insured.

The claim was that plaintiff, Mrs. Watson, though she had used the product precisely as directed, had been seriously and permanently injured as a result of so using it, and that defendant, Employers Liability Assurance Corporation, having issued a policy of liability insurance insuring and protecting its insured from liability for negligence, was liable to her for the damages she sued for.

The cause removed by the defendant into the federal court, there followed a welter of pleadings and affidavits, more fully described in the opinion of the district judge.[4] By and in these, plaintiff undertook, by supplemental and amended complaints filed without leave obtained, to make an additional party, first, Gillette Safety Razor Co., and next, the Gillette Company.

The defendant Employers opposed the filing of these pleadings and the making of these parties; and each of the Gillette companies, on jurisdictional grounds, resisted being brought into the suit.

In addition, Employers filed an extended motion to dismiss the action against it.[5]

1. Bayard v. Traders & General Ins. Co., D.C., 99 F.Supp. 343; Bish v. Employers Liability Assur. Corp., D.C., 102 F.Supp. 343; Mobley v. K. C. Southern, (unreported) decided 3–22–52; Mayo v. Zurich Gen. Acc. & Liability Ins. Co., D.C., 106 F.Supp. 580; Watson v. Employers Liability Assur. Corp., D.C., 107 F.Supp. 494.

2. Acts Nos. 541 and 542 of 1950 of the State of Louisiana, LSA–R.S. 22:655, 22:983.

3. Identical as to insurers and insured and otherwise, except as to dates, with, indeed a renewal of the policy in the Bish case, reported below 102 F.Supp. 344.

4. Watson v. Employers Liability Assurance Co., D.C., 107 F.Supp. 494.

5. Its grounds were: that under the terms of its policy it was not subject to a direct action; that to subject it to such action was to deny full faith and credit to the laws of Massachusetts and Illinois, where the policy was issued and delivered; that it would violate Sec. 1, Art. 4, Sec. 10, Art. 1, and sec. 1 of the 14th Amendment to the Constitution of the United States and Sec. 15, Art. 4 of the Constitution of Louisiana in that such action would, (a) impair the obligation of the defendant's

contract with the Toni Company, (b) deny to defendant its right to have the Courts of Louisiana and the Federal Court sitting in Louisiana give full faith and credit to the Legislative Acts and jurisprudence of the States of Massachusetts and Illinois, (c) deprive the defendant of its property and rights without due process of law, and (d) deny to defendant equal protection of the law; that Act No. 55 of the Louisiana Legislative Session of 1930, as amended, Sec. 14.45 of Act No. 195 of the Louisiana Legislative Session of 1948, Sec. 655 of Title 22 of the Louisiana Revised Statutes of 1950, and Acts Nos. 541 and 542 of the Louisiana Legislative Session of 1950, LSA–R.S. 22:655, 22:983, under which this proceeding is brought, do not apply under the facts of this case, or if applicable, violate the provisions of the Federal and Louisiana Constitutions referred to in Art. 7 hereof insofar as the said Acts give, or purport to give complainants herein a direct cause of action against defendant under the facts set forth in this motion, as evidenced by the decision of this court in the case of Bish v. Employers Liability Assurance Corp., Ltd., 102 F.Supp. 343; and that the complaint herein fails to state a claim upon which relief can be granted.

On April 11, 1952, all pending motions submitted were taken under advisement on briefs, and on September 29th, for the reasons given in his opinion, the district judge entered judgment granting the motions.

Adjudging and decreeing that Acts Nos. 541 and 542 of the Louisiana Legislative Session of 1950 were unconstitutional, null and void insofar as they attempted to invalidate or otherwise affect the "no action" clause of the policy executed and delivered by a foreign corporation in another state and valid where made, and that the action should in all respects be dismissed, the district judge entered an order dismissing it as to all the defendants.

Appealing from that judgment, the plaintiffs are here seeking its reversal. In support of their contention that the judgment may not stand, they press upon us, first, that the decision dismissing the cause as to Employers was erroneous because it is conceded, as it was in the Bish case, that Employers had filed a consent to be sued in a direct action required by Act No. 542 of 1950, as the condition of doing business in the state.

They press upon us, second, that if the dismissal was not erroneous as to Employers, it was as to the Gillette corporations because they had the right to substitute or bring the Gillettes in as new and additional parties, and that, upon the affidavits of rec-ord, they made out a showing as to the Gillette Company that it was doing business in the state and subject to be sued there.

██ We do not think so. As to the dismissal of the insurer, it is true that, as the extorted price of doing business in the state, it did file the written consent required by Act No. 542 of 1950. We find ourselves, however, in complete accord with the views of the district judge that if the statute is construed as extending to and invalidating the "no action" provision of a policy written and delivered, as this one was, outside of the state, the statute represents an attempt to give extra territorial effect to Louisiana laws and to subject to them the doing of business, and the business done, in other states. So construed, we are in no doubt that, as contended by Employers and as found by the district judge, it violates the defendant's constitutional rights.

This being so, it is clear that the decisions which settle it that consent to the deprivation of constitutional rights given as the extorted price of doing business in a state cannot prevent the assertion of those rights when they are challenged or sought to be denied, apply in full vigor here.

In complete accord with the reasons summed up by the district judge in his opinion [6] and with the more extended treatment

---

This was followed by a prayer: that the motion to dismiss and plea of unconstitutionality be sustained; and that Act No. 55 of the Louisiana Legislative Session of 1930 as amended, Sec. 14.45 of Act No. 195 of the Louisiana Legislative Session of 1948, Sec. 655 of Title 22 of the Louisiana Revised Statutes of 1950, and Acts Nos. 541 and 542 of the Louisiana Legislative Session of 1950, LSA–R.S. 22:655, 22:983, each be declared unconstitutional, if applicable to this proceeding, in that they violate those sections of the Federal Constitution listed in Art. 7 of this motion.

6. These, as stated by him are:
    "The issues involved in the motion to dismiss insurer (Employers) on the ground of the unconstitutionality of Act No. 541 of 1950 are the same as in Bish v. Employers' Liability Assurance Corp., Ltd., D.C., 102 F.Supp. 343, which was sustained. Nothing in the arguments has caused this court to change its views,

but they have been, in effect, sustained in Fisher v. Home Indemnity Co., 5 Cir., 198 F.2d 218, by the Court of Appeals for this Circuit in its decision handed down on June 30th last. The only difference is that the suit was filed here after the change made in the State law by the Acts Nos. 541 and 542 of 1950, LSA–R.S. 22:655, and note, 22:983, subd. E, applying to all policies of insurance whether made or delivered in the State or elsewhere. The latter act compels an insurer, as a condition to doing business in this State, to consent in writing to be sued in a direct action alone upon any policy wherever written, in complete disregard of any 'no action' clause. These matters were dealt with fully by this court in the case of Mayo v. Zurich General Accident & Liability Ins. Co., D.C., 106 F.Supp. 579. Both statutes were held to be unconstitutional insofar as they dealt with policies written and delivered outside the State of Louisiana, and that the State could not impose the

accorded these reasons in the Bish and Mayo cases, supra, we shall not further extend this opinion by elaborating upon them. We shall, therefore, content ourselves with referring with approval to those opinions and the authorities they cite, adding to them others as set out in the appended note.[7]

As to the question whether plaintiffs could or should be allowed to bring into the action, and continue it after dismissal of the insurer as against, either the razor company or the Gillette Company, the district judge was of the opinion, and in effect held, that the dismissal of Employers had effected a dismissal of the whole suit and that it could not be continued on the docket to bring in after removal an additional defendant or defendants not made parties in the state court.

He, therefore, dismissed the action completely and as to all defendants without at all determining or even considering the other questions arising as to the service of process and whether the defendants sought to be substituted are, as claimed, doing business in Louisiana so as to give the court jurisdiction over them.

Appellee Employers points out: that the amended complaints by which plaintiffs sought to make the Gillette companies parties were filed without leave of the court; that no order has ever been issued allowing their filing; that no leave has been entered; that, in fact, the district judge sustained the objections of Employers as to the allowance of these complaints. It insists that the sole question for our decision is whether the trial judge abused his discretion in refusing to allow the amendment. It argues that not only was there no abuse of discretion but that it would have been an abuse to allow their filing.

Insisting that neither Rule 21 nor Rule 25, Federal Rules of Civil Procedure, 28 U.S. C.A., supports appellants' claim, it points out that Rule 25, providing for the substitution of parties in the case of death, incompetency, transfer of interests, etc., cannot possibly apply to this case, for what was attempted here was not the substitution of a party, but, in effect, the institution of a new suit against a new party.

As to Rule 21, which provides, "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just", it quotes Moore's Federal Practice, 2nd Ed., Vol. 3, p. 2907:

"It has been held that Rule 21 is not a substitution rule, but contemplates the retention of a party or parties when another party is added or dropped, and therefore that a sole party or defendant cannot be dropped and another added." and cites cases in support.[8]

It, therefore, argues that the court was clearly correct in refusing to allow the supplemental and amended complaints filed by appellants and to permit them to continue with the suit by the device of recreating it by bringing into it an entirely new party.

We agree with the appellee that the permitting or refusal of amendments is a matter within the sound discretion of the court and that a rule denying an application to amend will not be disturbed on appeal unless there has been a clear abuse of discretion.

compulsory consent either before or after the insurance company did business here. See also Bayard v. Traders & Gen. Ins. Co., D.C., 99 F.Supp. 343, and Bish v. Employers' Liability Assurance Corp., Ltd., D.C., 102 F.Supp. 343.

"Employers will therefore be dismissed from the case for the reasons stated in those decisions."

7. Quaker City Cab Co. v. Penn., 277 U.S. 389, 390, 48 S.Ct. 553, 72 L.Ed. 927; Terral v. Burke Construction Co., 257 U.S. 529, 42 S.Ct. 188, 66 L.Ed. 352; Frost v. R. R. Comm., 271 U.S. 583, 46 S.Ct. 605, 70 L.Ed. 1101; Hanover Fire

v. Carr, 272 U.S. 494, 47 S.Ct. 178, 71 L.Ed. 372; Security Mutual Life Ins. Co. v. Prewitt, 202 U.S. 246, 26 S.Ct. 619, 50 L.Ed. 1013; Power Mfg. Co. v. Saunders, 274 U.S. 490, 47 S.Ct. 678, 71 L.Ed. 1165; Schwegman Bros. v. Board of Alcoholic Bev. Control, 216 La. 148, 43 So.2d 248, 14 A.L.R.2d 680.

8. Swink v. United States, D.C., 41 F.Supp. 98; Schwartz v. Metropolitan Life Ins. Co., D.C., 2 F.R.D. 167; Schwartz v. The Olympic, Inc., D.C., 74 F.Supp. 800; and Davis v. L. L. Cohen & Co., 268 U.S. 638, 45 S.Ct. 633, 69 L.Ed. 1129.

We agree, too, that there was no abuse in this case. Indeed, since the refusal to permit the filing did not in any manner prejudice plaintiffs in their right to sue the defendants separately if they were able to obtain jurisdiction of them, the district judge did not abuse, he used discretion in bringing this action to an end, leaving the controversial matters sought to be injected by the proffered amendments for another action if not another forum.

The judgment of dismissal was right. It is affirmed.