**WEINGARTNER et al. v. FIDELITY MUT. INS. CO. OF INDIANAPOLIS, IND.**

No. 14443.

United States Court of Appeals Fifth Circuit.

July 10, 1953.

David E. Cooley, A. J. Spedale, Spedale & Cooley, Baton Rouge, La., for appellants.

J. Elton Huckabay, Huckabay, Seale, Kelton & Hayes, Baton Rouge, La., for appellee.

Before HOLMES, BORAH, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This is an action for personal injuries sustained by the appellants in an automobile accident that occurred in Illinois. As the cause or right of action, if any, occurred in Illinois, the rights of the parties are governed by the laws of that state. Admittedly, this action could not have been brought directly against the appellee in the courts of Illinois; and, therefore, it cannot be brought in the courts sitting in Louisiana.

Act No. 55 of the Louisiana Legislature for 1930 granted a tort claimant a right of direct action against an insurer. Said Act No. 55 was amended by Section 1 of Act No. 541 of the Acts of 1950 so as to limit the application of the statute to accidents or injuries that occurred in Louisiana. LSA-R.S., Title 22, Section 655. The court below followed the plain language of this statute, and its judgment dismissing the suit should be sustained.

Affirmed.

RIVES, Circuit Judge (specially concurring).

I concur in the result, but reach that goal by a different route. The amendment to the Louisiana Direct Action Statute by Act No. 541 of the Acts of 1950 seems to me intended to meet the decision in the case of Belanger v. Great American Indemnity Company of New York, 5 Cir., 89 F.Supp. 736, affirmed by this Court in 188 F.2d 196 after the passage of the amendatory act. That amendment, I think, was an effort to bring within the statute, so far as could be done, policies written outside of the State of Louisiana, an effort proved later to be in vain. Watson v. Employers Liability Assurance Corporation, 5 Cir., 202 F.2d 407, 409; Bish v. Employers Liability Assurance Corporation, 5 Cir., 202 F.2d 954. I do not think that amendment was intended to affect policies written within the State of Louisiana, and the policy in this case was written in Louisiana.

Nor do I think that under the two opinions cited in the Burke Case, Burke v. Massachusetts Bonding & Inv. Co., La.App., 19 So.2d 647, affirmed 209 La. 495, 24 So.2d 875, the complaint in this case failed to

**834**

state a claim upon which relief can be granted. According to the opinion of the Louisiana Supreme Court, "It is conceded that Act [No.] 55 of 1930 is procedural and not substantive, * * *. But the statute merely gives a claimant a direct right of action against the liability insurer when he has a cause of action against the insured, or where the insured would be liable but for an immunity personal to him. * * * It only furnishes her with a method to enforce in Louisiana whatever rights she has in Mississippi." 24 So.2d at page 877. What the Court held was that under the law of Mississippi a wife had no right or cause of action against her husband, the insured, for a tort committed against her. In the present case, I think the plaintiff would have had a cause or right of action against the insured under the law of Illinois where the accident occurred.

It seems to me, however, that it has now become settled by decisions later than the Burke case that that part of the Louisiana Statute which gives a right of action direct against the insurer is not merely procedural, but is substantive. West v. Monroe Bakery, 217 La. 189, 46 So.2d 122, 123; Fisher v. Home Indemnity Company, 5 Cir., 198 F.2d 218, 221. I come around then to agree with the majority, that, since no cause of action directly against the insurer was given by the law of Illinois, no such cause can be enforced in Louisiana.